JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200    Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
       bnisenbaum@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY OLIVER, II, | Case No. 3:07-cv-02460 JL |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS.** |
| vs. | **JURY TRIAL DEMANDED** |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive, | |
| Defendants. / | |

INTRODUCTION

On August 20, 2006, Plaintiff GREGORY OLIVER, II, a personal trainer to Barry Bonds and other professional athletes, was beaten by SAN FRANCISCO police officers in North Beach after he pointed out to officers that they were using force against the victim of an assault and battery that had just occurred near Plaintiff. Plaintiff committed no crime and no police officer could reasonably believe that it was appropriate to use force against him. Defendant Officers compounded their error

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES - 1

by beating Plaintiff and then arresting him for interference. Plaintiff was released from jail several hours later. No criminal charges were filed against him.

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district.

## PARTIES

2. Plaintiff herein, GREGORY OLIVER, II ("OLIVER"), is and was at all times herein mentioned readily recognizable as an African-American and he is a citizen of the United States residing in the City and County of San Francisco in California.

3. Defendant City and County of San Francisco ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the City operates the San Francisco Police Department.

4. At all times mentioned herein, Defendant JESSE SERNA ("SERNA") was employed by Defendant CITY as a police officer. He is being sued individually and in his official capacity as a police officer for the City.

5. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

6. In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

## STATEMENT OF FACTS

7. On or about August 20, 2006, Plaintiff left the Impala Club, located at the corner of Broadway and Kearney Street in San Francisco, at about 1:45 a.m. Plaintiff was with several female friends and he hailed a taxi. The taxi only had room for Plaintiff's friends, and Plaintiff decided to wait by himself for another taxi. After several minutes and no more taxis, Plaintiff walked down Broadway to an area that seemed more likely, due to less pedestrians, to be able to hail another taxi. As Plaintiff walked down Broadway, he saw three latino males attack another latimo male. Plaintiff passed the altercation, but one of the latino males fled past Plaintiff. Moments later, Plaintiff saw a San Francisco Police Officer tackle the latino male who had fled past him. Plaintiff saw another SAN FRANCISCO police officer also engage with the apparent victim of the altercation Plaintiff had witnessed. The victim was by this time on the ground in front of Plaintiff on the receiving end of force used by another San Francisco Police Officer. Plaintiff had no intention of being involved in any altercation or incident and made no attempt to interfere with the officers.

8. To Plaintiff's shock and surprise, a third officer, who Plaintiff later learned was Defendant Officer SERNA, arrived at the scene and pushed Plaintiff in the chest with his police baton. Defendant Officer SERNA ordered Plaintiff to stand back. Plaintiff complied with the order by walking backwards. Plaintiff held his hands in the air to show that he was no threat and told the officer that he had seen the altercation and that the man in front of him on the ground was the victim of an attack by other men. In spite of Plaintiff's compliance and the information provided by Plaintiff, Defendant Officer SERNA struck Plaintiff across the upper thigh with his police baton and ordered Plaintiff again to backup. Plaintiff had complied with the earlier order and continued to comply by retreating further with his hands up to continue to show that he was no threat. Plaintiff told Defendant Officer SERNA that he had not done anything, in response to the officer's use of force against him. Defendant Officer SERNA struck Plaintiff again with his police baton.

9. Plaintiff asked Defendant Officer SERNA for his badge number, and Defendant Officer SERNA reacted by grabbing Plaintiff by his neck and shirt. Defendant Officer SERNA broke Plaintiff's necklace and told Plaintiff that he was under arrest. Plaintiff yelled out that he was not

resisting, and knelt down on one knee. Several other unknown Defendant Officer DOES grabbed Plaintiff, threw him face down to the ground, and began punching and kneeing him in the back while grabbing Plaintiff's arms. Plaintiff asked why the officers were still hitting him, and the only response Plaintiff received was more blows from the officers.

10. While Plaintiff was on the ground Defendant Officers removed his watch and a ring from one of his fingers. Plaintiff asked for the items to be returned, and Defendant Officers returned only his watch, which one Defendant Officer had placed in his pocket. Defendant Officers handcuffed Plaintiff, and Defendant Officer SERNA stood Plaintiff up. As he did so, Defendant Officer SERNA wrenched Plaintiff's left wrist which caused Plaintiff enough pain that he screamed. Plaintiff had a previous compound fracture of the left arm. Defendant Officer SERNA told Plaintiff to "shut the fuck up," and continued his painful wrenching of Plaintiff's wrist.

11. Defendant Officer SERNA walked Plaintiff to an unknown Defendant Officer DOE and let go of Plaintiff's wrist. Plaintiff then was able to tell Defendant Officer SERNA of the injury to his left arm. Plaintiff also told Defendant Officer SERNA that he was causing Plaintiff unnecessary pain. The Defendant Officer DOE asked Plaintiff what he had been doing. When Plaintiff told him that he was trying to catch a cab, the officer told him "look around… you don't belong here." The officer asked where Plaintiff was coming from and how old he was. Defendant Officer SERNA then once again painfully wrenched Plaintiff's left wrist and put Plaintiff in a police vehicle.

12. Plaintiff was transported to jail after being falsely arrested on fabricated charges that he resisted, obstructed, or delayed a peace officer in the performance of their duties. No charges were filed against Plaintiff.

13. The arrest of Plaintiff on or about August 20, 2006 was malicious, wanton and was done without any just provocation or cause, proximately causing Plaintiff's damages.

14. Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of his civil rights.

15. As a proximate result of defendants' conduct, plaintiff suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride as a United States citizen.

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendant Officer SERNA, and DOES 1-10)

16. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 15 of this Complaint.

17. In doing the acts complained of herein, Defendants SERNA, and DOES 1 through 10, inclusive, and/or each of them, acted under color of law to deprive Plaintiff of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the

      Fourth and Fourteenth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, HEATHER FONG, and DOES 11-25)

18  Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through17 of this Complaint.

19. Plaintiff is informed and believes and thereon alleges that high ranking City of San Francisco  officials, including high ranking police supervisors, such as Defendant HEATHER FONG, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by defendant Officers SERNA, and DOES 1-10, and/or each of them.

20. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants FONG, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged

and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

21. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants SERNA and DOES 1-10, and/or each of them, Defendants FONG, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiff's rights as alleged herein.

22. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City and County of San Francisco officials, including high ranking City and County of San Francisco Police Department supervisors, Defendants FONG, DOES 11-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

23. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendant CITY AND COUNTY OF SAN FRANCISCO)

24. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 23 of this Complaint.

25. As against Defendant CITY, Defendant FONG and/or DOES 11-25 in her/their capacity as official policy-maker(s) for the CITY AND COUNTY OF SAN FRANCISCO, plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY AND COUNTY OF SAN FRANCISCO Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

26. Plaintiff is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, FONG, DOES 11-25, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant CITY, Defendant FONG, DOES 11-25, and each of them.

27. The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them.

28. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant SAN FRANCISCO Police Department.

29. Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendant SERNA, DOES 1-10, and/or each of them.

30. The aforementioned customs, policies or practices of Defendant CITY, Defendant FONG, DOES 11-25, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

31. These rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(Assault and Battery)
(Against Defendants SERNA and DOES 1-10)

32. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 31 of this Complaint.

33. Defendants SERNA and DOES 1-10, inclusive, placed Plaintiff in immediate fear of death and severe bodily harm by attacking and battering him without any just provocation or cause.

34. These defendants' conduct was neither privileged nor justified under statute or common law.

35. As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
(False Imprisonment)
(Against Defendants SERNA, and DOES 1-10, and DOES 1-10)

36. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 34 of this Complaint.

37. Defendants SERNA and DOES 1-10, inclusive, falsely imprisoned Plaintiff without probable cause. Plaintiff had not committed any of the crimes with which he was cited, and there was no basis upon which defendants could have reasonably believed that plaintiff had committed any of the crimes with which he was cited.

38. Defendants SERNA and DOES 1-10, inclusive, failed to observe proper procedures in falsely imprisoning Plaintiff without probable cause. These defendants exceeded the limits of their authority as police officers in falsely imprisoning the plaintiff without probable cause, and in using excessive and unnecessary force against plaintiff while they falsely imprisoned him.

39. As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against Defendants SERNA and DOES 1-10)

40. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 39 of this Complaint.

41. The conduct of Defendants SERNA and DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiff.

42. As a proximate result of Defendants' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme mental and emotional distress. Therefore, Plaintiff is entitled to an award of punitive damages as against said defendants. Plaintiff has suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)
(Against Defendants SERNA and DOES 1-10)

43. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 42 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

44. The wrongful conduct of Defendants SERNA and DOES 1-10, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of Plaintiff.

45. As a proximate result of Defendants' negligent conduct, Plaintiff has suffered severe emotional and mental distress, having a traumatic effect on Plaintiff's emotional tranquility.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against Defendants SERNA and DOES 1-10)

46. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 45 of this complaint.

47. Plaintiff is informed and believes and thereon alleges that the conduct of Defendants SERNA and DOES 1-10, inclusive, as described herein, was motivated by racial prejudice against plaintiff. Plaintiff is and was readily recognizable as African-American. In engaging in such conduct, defendants violated Plaintiff's rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

48. Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

49. As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Plaintiff against Defendants SERNA and DOES 1-10)

50. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 49 of this Complaint.

51. The conduct of Defendants SERNA and DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1, in that they interfered with Plaintiff's exercise and enjoyment of his civil rights, through use of wrongful and excessive force, and failure to make any proper or reasonable detention of said Plaintiff.

52. As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiff suffered violation of his constitutional rights, and suffered damages as set forth herein.

53. Since this conduct occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiff pursuant to respondeat superior.

54. Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

### TENTH CAUSE OF ACTION
(Negligence)
(Against Defendants SERNA and DOES 1-10)

55.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 54 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

56.     At all times herein mentioned, Defendants SERNA and DOES 1-10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests.  The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein.  Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to Plaintiff for his injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

57.      As a proximate result of Defendants' negligent conduct, Plaintiff suffered severe physical injury,  severe emotional and mental distress,  injury having a traumatic effect on Plaintiff's emotional tranquility, and suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

ELEVENTH CAUSE OF ACTION
(Negligent Hiring, Retention, Training, Supervision, and Discipline)
(Against Defendants CITY and DOES 11-25)

58.     Plaintiff realleges and incorporates by reference herein paragraphs 1 through 57 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

59.     At all times herein mentioned, defendant CITY, by and through its supervisory employees and agents, DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable

risk of harm to citizens. With deliberate indifference, CITY and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injury to said plaintiff. CITY and DOES 11-25, inclusive, breached their duty of care to citizens in that CITY and DOES 11-25, inclusive, failed to adequately train its police officers, including Defendants SERNA, and DOES 1-10, inclusive, in the proper and reasonable use of force, the proper and reasonable making of detentions, and treating citizens in a manner that is not racially discriminatory, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, the proper and reasonable making of detentions, and treating citizens in a manner that is not racially discriminatory. This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by police officers employed by CITY, the continuing failure to make proper and reasonable detentions by police officers employed by CITY, and continuing racially discriminatory behavior towards citizens by police officers employed by the CITY.

60. As a proximate result of defendants CITY and DOES 11-25, inclusive's negligent conduct, plaintiff suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

61. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum of $1,000,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;

4. For injunctive relief enjoining Defendant CITY OF OAKLAND from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

5. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

6. For violation of California Civil Code Section 51.7 pursuant to California Civil Code section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8. For cost of suit herein incurred; and

9. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

62. Plaintiff hereby demands a jury trial in this action.

Dated: April 30, 2007                                      **The Law Offices of John L. Burris**

/s/ John L. Burris _____
John L. Burris
Attorney for Plaintiff