DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
RONALD P. FLYNN, State Bar #184186
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3901
Facsimile:    (415) 554-3837

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG, IN HER OFFICIAL CAPACITY,
AND JESSE SERNA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY OLIVER, II,<br><br>             Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and San Francisco police officers DOES 1-25, inclusive,<br><br>             Defendants. | Case No. C07-02460 JL<br><br>**ANSWER BY JESSE SERNA**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date Action Filed:    May 8, 2007<br>Trial Date:    None Set |

Defendant Jesse Serna responds to plaintiff's Complaint as follows:

**RESPONSE TO AVERMENTS**

Responding to the introductory statement, defendant lacks sufficient information to enable him to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendant denies the allegations.

1. Responding to the allegations in paragraph one of the Complaint, defendant admits that the action arises under Title 42 of the United States Code, section 1983 and that the Court has jurisdiction under sections 1331 and 1343 for the 1983 claims, and that the acts underlying the complaint are alleged to have occurred in this judicial district. Defendant otherwise denies the allegations in paragraph two of the Complaint.

2. Responding to the allegations in paragraph two of the Complaint, defendant lacks sufficient information to enable him to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendant denies the allegations.

3. Defendant admits the allegations in the paragraph three of the Complaint.

4. Responding to the allegations in paragraph four of the Complaint, defendant admits that Jesse Serna was employed by CCSF as a police officer during the relevant period. Defendant otherwise lacks sufficient information to enable him to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendant denies the allegations.

5. Responding to the allegations in paragraph five of the Complaint, defendant lacks sufficient information to enable him to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendant denies the allegations.

6. Responding to paragraph six of the Complaint, defendant admits that he was acting under color of law. Defendant otherwise lacks sufficient information to enable him to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendant denies the allegations.

7. Responding to the allegations in paragraph seven of the Complaint, defendant lacks sufficient information to enable him to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendant denies the allegations.

8. Responding to the allegations in paragraph eight of the Complaint, defendant admits that Officer Serna arrived at the scene, that plaintiff failed to comply with lawful orders, and that Officer Serna used reasonable force to get plaintiff to comply with lawful order.  Defendant otherwise lacks sufficient information to enable him to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendant denies the allegations.

9. Defendant denies the allegations in paragraph nine of the Complaint.

10. Defendant denies the allegations in paragraph ten of the Complaint.

11. Defendant denies the allegations the allegations in paragraph eleven of the Complaint.

12. Responding to the allegations in paragraph twelve of the Complaint, defendant admits that plaintiff was transported to a police station and cited for violation of California Penal Code section 148(a)(a), California Vehicle Code section 21955, and California Vehicle code section 2800(a).  Defendant denies that plaintiff was falsely arrested, that he was transported to jail, or that charges were fabricated.  Defendant otherwise lacks sufficient information to enable him to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendant denies the allegations.

13. Defendant denies the allegations in paragraph thirteen of the Complaint.

14. Responding to the allegations in paragraph fourteen of the Complaint, defendant denies that plaintiff is entitled to any damages.  Defendant otherwise lacks sufficient information to enable him to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendant denies the allegations.

15. Responding to the allegations in paragraph fifteen of the Complaint, defendant lacks sufficient information to enable him to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendant denies the allegations.

16. Responding to the allegations in paragraph sixteen of the Complaint, defendant incorporates by reference responses to paragraphs 1 through 15 of the Complaint.

17. Defendant denies the allegations in paragraph seventeen of the Complaint.

18. Responding to the allegations in paragraph eighteen of the Complaint, defendant incorporates by reference responses to paragraphs 1 through 17 of the Complaint.

1   19. Responding to the allegations in paragraph nineteen of the Complaint, defendant admits that the Heather Fong is the Chief of San Francisco Police Department. Defendant otherwise lacks sufficient information to enable him to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendant denies the allegations.

20. Defendant denies the allegations in paragraph twenty of the Complaint.

21. Defendant denies the allegations in paragraph twenty-one of the Complaint.

22. Defendant denies the allegations in paragraph twenty-one of the Complaint.

23. Responding to the allegations in paragraph twenty-three of the Complaint, the paragraph contains legal rather than factual statements so no response is required.

24. Responding to the allegations in paragraph twenty-four of the Complaint, defendant incorporates by reference responses to paragraphs 1 through 23 of the Complaint.

25. Defendant denies the allegations in paragraph twenty-five of the Complaint.

26. Defendant denies the allegations in paragraph twenty-six of the Complaint.

27. Defendant denies the allegations in paragraph twenty-seven of the Complaint.

28. Defendant denies the allegations in paragraph twenty-eight of the Complaint.

29. Defendant denies the allegations in paragraph twenty-nine of the Complaint.

30. Defendant denies the allegations in paragraph thirty of the Complaint.

31. Responding to the allegations in paragraph twenty-three of the Complaint, the paragraph contains legal rather than factual statements so no response is required.

32. Responding to the allegations in paragraph thirty-two of the Complaint, defendant incorporates by reference responses to paragraphs 1 through 31 of the Complaint.

33. Responding to the allegations in the allegations in paragraph thirty-three of the Complaint, defendant lacks sufficient information to enable him to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendant denies the allegations.

34. Defendant denies the allegations in paragraph thirty-four of the Complaint.

35. Defendant denies the allegations in paragraph thirty-five of the Complaint.

36. Responding to the allegations in paragraph thirty-six of the Complaint, defendant incorporates by reference responses to paragraphs 1 through 34 of the Complaint.

37. Defendant denies the allegations in paragraph thirty-seven of the Complaint.

38. Defendant denies the allegations in paragraph thirty-eight of the Complaint.

39. Responding to the allegations in paragraph thirty-nine of the Complaint, defendant lacks sufficient information to enable him to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendant denies the allegations.

40. Responding to the allegations in paragraph forty of the Complaint, defendant incorporates by reference responses to paragraphs 1 through 39 of the Complaint.

41. Defendant denies the allegations in paragraph forty-one of the Complaint.

42. Responding to the allegations in paragraph forty-two of the Complaint, defendant denies unlawful willful, intentional and malicious conduct and deny that plaintiff is entitled to any damages, otherwise defendant lacks sufficient information to enable him to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendant denies the allegations.

43. Responding to the allegations in paragraph forty-three of the Complaint, defendant incorporates by reference responses to paragraphs 1 through 42 of the Complaint.

44. Defendant denies the allegations in paragraph forty-four of the Complaint.

45. Responding to the allegations in paragraph forty-five of the Complaint, defendant lacks sufficient information to enable him to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendant denies the allegations.

46. Responding to the allegations in paragraph forty-six of the Complaint, defendant incorporates by reference responses to paragraphs 1 through 45 of the Complaint.

47. Defendant denies the allegations in paragraph forty-seven of the Complaint.

48. Responding to the allegations in paragraph forty-eight of the Complaint, defendant denies that plaintiff is entitled to any damages.

49. Defendant denies the allegations in paragraph forty-nine of the Complaint.

50. Responding to the allegations in paragraph fifty of the Complaint, defendant incorporate by reference responses to paragraphs 1 through 49 of the Complaint.

51. Defendant denies the allegations in paragraph fifty-one of the Complaint.

52. Defendant denies the allegations in paragraph fifty-two of the Complaint.

53. Defendant admits the allegations in paragraph fifty-three one of the Complaint.

54. Responding to the allegations in paragraph fifty-four of the Complaint, defendant denies that plaintiff is entitled to any damages.

55. Responding to the allegations in paragraph fifty-five of the Complaint, defendant incorporates by reference responses to paragraphs 1 through 54 of the Complaint, except as to allegations of the listed items.

56. Responding to the allegations in paragraph fifty-five of the Complaint, defendant admits that defendant CCSF is vicarious liable for all state cause actions that occurred in the course and scope of his employment.  Defendant otherwise lacks sufficient information to enable him to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendant denies the allegations.

57. Responding to the allegations in paragraph fifty-seven of the Complaint, defendant denies that plaintiff is entitled to any damages.

58. Responding to the allegations in paragraph fifty-eight of the Complaint, defendant incorporates by reference responses to paragraphs 1 through 57 of the Complaint, except as to allegations of the listed items.

59. Responding to the allegations in paragraph fifty-nine of the Complaint, defendant lacks sufficient information to enable him to form a belief as to the truth of the allegations in this paragraph and, on that basis, defendant denies the allegations.

60. Defendant denies the allegations in paragraph sixty of the Complaint.

61. Defendant admits that plaintiff demands a jury trial.

Responding to the prayer for relief set forth at page 13:26-14:12, defendant denies that plaintiff has been damaged in any sum or at all as a consequence of any action by defendant, denies that plaintiff is entitled to any relief at all and denies any wrongdoing.

62. Defendant admits that plaintiff demands a jury trial.

WHEREFORE, defendant prays for judgment as hereafter set forth.

Defendant also alleges the following affirmative defenses:

Answer by Jesse Serna
Oliver v. CCSF, et al. – USDC No. C07-02460 JL
5
n:\lit\li2007\071509\00421906.doc

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that the Complaint and each and every allegation contained therein, whether considered singly or in any combination, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

**(Lack of Malice)**

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that at all times and places mentioned in the Complaint, defendants acted without malice and with a good faith belief in the propriety of his conduct.

## THIRD AFFIRMATIVE DEFENSE

**(Actions in Good Faith)**

As a separate and affirmative defense to the Complaint and to each and every allegation set forth therein, defendant alleges that at all times mentioned in the Complaint, defendant performed and discharged in good faith each and every obligation, if any, owed to plaintiff

## FOURTH AFFIRMATIVE DEFENSE

**(Privileged and Justified Conduct)**

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that his conduct at all times material herein was privileged and/or justified under applicable law.

## FIFTH AFFIRMATIVE DEFENSE

**(Immunities under California Law)**

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant asserts the various immunities conferred upon defendant pursuant to the California Government Code, and other applicable provisions of law including, but not limited to, those contained in Division 3.6 of Title 1 of the California Government Code.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to File a Claim)

As a separate and affirmative defense to the Complaint and to each and every claim contained therein, defendant alleges that this action (or at least part of it) is barred due to plaintiff's failure to file a sufficient claim as required by California Government Code § 910 et seq. and other applicable provisions of law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that the Complaint is barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that, by his conduct, plaintiff has waived any right to recover any relief by the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that plaintiff has failed to use due diligence to mitigate his damages, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Exercise of Due Care in Execution and Enforcement of the Law)

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that any liability of defendant is barred by the provisions of California Government Code sections 815, 815.2, 820.2 and 820.4, and other applicable provisions of law and each of him, since any liability of defendant would have resulted from the acts or omissions, if any, by public employees in the exercise of due care in the execution and enforcement of the law.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Exercise of Discretion)**

As a separate and affirmative defense to the Complaint and to each and every allegation contained therein, defendant alleges that he is not liable under the provisions of California Government Code sections 815, 815.2 and/or 820.2, and other applicable provisions of law and each of them, in that any damages to plaintiff as alleged in the Complaint would have resulted from acts or omission committed in the exercise of discretion vested in public employees.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Qualified Immunity)**

As a separate and affirmative defense to the Complaint and to each and every allegation therein, defendant alleges that the actions complained of are protected by the doctrine of qualified immunity as set forth in *Anderson v. Creighton*, 107 S. Ct. 3034 (1984), and related cases.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Consent or Exigent Circumstances Existed)**

Defendant alleges that any or all searches or seizures of plaintiff's property or person were legally justified as plaintiff consented and/or exigent circumstances existed.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Comparative Negligence)**

Defendant alleges that plaintiff was negligent in and about the matters and activities alleged in said complaint; that said negligence contributed to and was a proximate cause of plaintiff's alleged injuries and damages, if any, or was the sole cause thereof; and that if plaintiff is entitled to recover damages against this defendant by virtue of said complaint, defendant prays that the recovery be diminished or extinguished by reason of the negligence of the plaintiff in proportion to the degree of fault attributable to the plaintiff.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Plaintiff's Conduct was a Proximate Cause)**

Defendant alleges that at all times mentioned in plaintiff's Complaint herein, plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the complaint;

1  that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries
2  and damages, if any, sustained or claimed by plaintiff; and that as a consequence, plaintiff's claims
3  are barred.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Probable Cause)

Defendant alleges that at all times material hereto the officers of the San Francisco Police Department named herein had reasonable and/or probable cause to detain and restrain plaintiff, based on Sections of the California Penal Code and/or on information received from others.

WHEREFORE, defendant prays for judgment as follows:

1. That plaintiff take nothing from defendants;
2. That the Complaint be dismissed with prejudice;
3. That defendant recovers costs of suit herein, including attorney's fees; and
4. For such other relief as is just and proper.

### DEMAND FOR JURY TRIAL

To the extent this Court has jurisdiction and plaintiff's claims are legal (rather than equitable), defendant demands a jury trial.

Dated: June 25, 2007

>  DENNIS J. HERRERA
>  City Attorney
>  JOANNE HOEPER
>  Chief Trial Deputy
>  RONALD P. FLYNN
>  Deputy City Attorney
>
>      -/s/-    Ronald P. Flynn
>  By:_____
>  RONALD P. FLYNN
>
>  Attorneys for Defendants
>  CITY AND COUNTY OF SAN FRANCISCO,
>  HEATHER FONG, IN HER OFFICIAL CAPACITY,
>  AND JESSE SERNA