JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200        Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
        bnisenbaum@gmail.com

Attorneys for Plaintiff


DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
RONALD P. FLYNN, State Bar #184186
Deputy City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3901
Facsimile:     (415) 554-3837
Email:  ronald.flynn@sfgov.org

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG, IN HER OFFICIAL CAPACITY, AND
JESSE SERNA

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| GREGORY OLIVER, II,<br><br>            Plaintiff,<br><br>    vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive,<br><br>            Defendants. | Case No.  C 07 02460 JL<br><br>**JOINT INITIAL CASE MANAGEMENT CONFERENCE STATEMENT** |

1.  <u>Jurisdiction and Service</u>:  This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The acts and practices alleged herein occurred in the City and County of San Francisco, California, which is within this judicial district.  All defendants have been served and have answered.

2.  <u>Facts</u>:

<u>Plaintiff's contentions</u>:  At about 1:45 a.m. on August 20, 2006, Plaintiff GREGORY OLIVER, II, a professional trainer for several professional athletes, including Barry Bonds, was a bystander waiting for a taxi cab on Broadway near Kearny Street in San Francisco when he saw an altercation in which approximately three latino males attacked another latino male.  Plaintiff, who was not intoxicated, observed several San Francisco Police Department officers arrive and saw officers begin to use force against the latino male who appeared to have been the victim of the other latino males, at least one of whom was later apprehended.  Plaintiff volunteered his knowledge of the incident to the officers, that one of the men appeared to be the victim of the other male latinos.  Defendant Officer SERNA arrived on the scene and pushed Plaintiff in the chest with police baton or nightstick.  Plaintiff complied with Defendant Officer SERNA's order to "stand back" by walking backward, hands held in the air to show that he presented no threat, and told Defendant Officer SERNA that he had seen the events that had transpired between the several latino males.  Defendant Officer SERNA then struck Plaintiff approximately three times on the legs with baton or nightstick.  Defendant Officer SERNA grabbed Plaintiff by the collar and back of the neck after Plaintiff asked Defendant Officer SERNA for his badge number.  Defendant Officer SERNA broke Plaintiff's necklace and told Plaintiff that he was under arrest as he pushed Plaintiff backwards off the sidewalk and into the street.  Plaintiff yelled out that he was not resisting, and several Defendant officers, including Defendant Officer SERNA forced Plaintiff into a prone position on the ground and struck him several times on the back and legs.  Several personal possessions were taken by the Defendant Officers from Plaintiff while he was on the ground, including a watch and a ring.  Only the watch was later returned to Plaintiff, who the officers handcuffed.  Plaintiff was struck by officers on the legs even after he was handcuffed.  Defendant Officer stomped on the back of one of Plaintiff's knees.

Defendant Officer SERNA wrenched Plaintiff's left wrist and arm as he stood Plaintiff up from the ground. Plaintiff had previously suffered a compound fracture in his left forearm and has metal plate in the forearm. Defendant Officer SERNA's wrenching of Plaintiff's left arm caused Plaintiff intense pain and he screamed. Plaintiff told Defendant Officer SERNA about the previous injury to his left forearm after Defendant Officer SERNA eventually released his grip. Officers questioned Plaintiff at the scene, and one Defendant Officer DOE told Plaintiff that he did not "belong" in the area. Plaintiff was placed in the back of a paddy wagon by Defendant Officer SERNA, who once again painfully wrenched Plaintiff's left arm.

In the paddy wagon with Plaintiff were at least three other people whose arrests were related to Plaintiff's arrest. The original Latino assailant who plaintiff saw attack the Latino male was in the paddy wagon, along with a Caucasian man and a Caucasian woman who appeared to be a couple. The couple told Plaintiff that they had been arrested, and one of the arresting officers had struck the woman, after they objected to the conduct of officers who beat Plaintiff while he was on the ground, clearly not resisting.

Defendant Officer SERNA released Plaintiff after he was transported to Central Station on a citation for resisting, obstructing or delaying an officer (PC 148). As Defendant Officer SERNA handed Plaintiff the citation, he told Plaintiff "you were just in the wrong place at the wrong time." No charges were filed against Plaintiff.

Plaintiff had photographs taken of his injuries the following day and went to St. Francis Hospital. An MRI performed three days later to Plaintiff's left arm showed that Plaintiff suffered nerve damage to the previously injured arm, which previously had no nerve injury. Plaintiff also suffered injury to one knee.

Defendants' Contentions:

Defendants dispute plaintiff's factual account. Near the intersection of Broadway and Kearny streets, offices were engaged in responding to an incident involving an unruly crowd. Assistance was called for and defendant Officer Serna arrived on the scene. A crowd was surrounding the officers, and Officer Serna ordered the crowd to the sidewalk. Plaintiff approached the scene and was pushed back, he approached again, not responding to verbal or physical control he was struck with a baton.

Plaintiff was then arrested, taken to the station, and cited and released.  Plaintiff did not need medical attention.

3.  <u>Legal Issues</u>:  Plaintiff's Contentions.  Plaintiffs causes of action include violation of 42 U.S.C. section 1983 against Defendant Officer SERNA for excess force and false arrest, and against Chief FONG and Defendant CITY for *Monell* violations. Plaintiff alleges that Defendant SERNA has a significant history of using excessive force and fabrication, which Defendant CITY ratified through its deliberate indifference.  Plaintiff also alleges ancillary state law causes of action, including assault and battery, false imprisonment, intentional infliction of emotional distress, violation of civil code sections 51.7 and 52.1, and negligence.

Defendants' Contentions:  This case involves the legal questions of whether there was probable cause to arrest plaintiff; whether the force used was reasonable in the circumstances, and whether there is *Monell* liability on the part of defendant City and County of San Francisco.

4.  <u>Motions</u>:  There are no pending motions.  Plaintiff anticipates filing motions to relate two other pending, subsequently-filed cases to the instant matter for purposes of conducting *Monell* discovery.  Each of the two potentially related cases, *Hwang v. City and County of San Francisco, et al.* case no. C 07 2718 WDB (Date of incident: May 12, 2007) and *Maestrini v. City and County of San Francisco, et al.* case no. C 07 2941 PJH (Date of incident: October 29, 2006), alleges use of excessive force by Defendant Officer SERNA in the same area of San Francisco under similar circumstances, all within .  At a minimum, the *Monell* discovery is expected to be the same in each of the actions pertaining to discovery of Defendant Officer SERNA's background and personnel records.

Defendants will oppose a motion to relate the cases as they involve separate incidents and separate facts. Defendants will seek to narrow the issues in the case through motions for summary judgment and/or motions for judgment on the pleadings as appropriate.

5. <u>Amendment of Pleadings</u>: Plaintiff expects to amend the pleadings to name other Defendant Officers who were integral participants in the violation of Plaintiffs' Constitutional rights once the identities of those officers have been discovered.

6. <u>Evidence Preservation</u>: Plaintiff has preserved evidence known to him through photographs and medical examination and records.

Defendants have preserved the police records related to this incident, including the incident report and evidence, use of force log, and event history as detailed on Computer Automated Dispatch.

7. <u>Disclosures</u>: Plaintiff shall make his initial disclosures by the date of the Initial Joint Case Management Conference, including at least one named percipient witness who worked at the Impala Club, treating medical providers, and witnesses who had been out with Plaintiff leading up to Plaintiff waiting for a taxi immediately prior to the subject-incident.

Defendants shall have made the initial disclosures by the date of the Initial Joint Case Management Conference, including the identity of officers who were at the scene that can be ascertained at this time.

8. <u>Discovery</u>: Plaintiffs anticipate conduction discovery pursuant to the Federal and Local Rules, including 25 each per party of Special Interrogatories, Requests for Production of Documents, and Requests for Admissions, with up to 10 Depositions per side. Plaintiffs will seek the production of Defendant Officer SERNA's personnel records pursuant to a stipulated protective order.

Defendants will also conduct discovery pursuant to Federal and Local Rules.

9. <u>Class Actions</u>: This is not a class-action matter.

10.  <u>Related cases:</u>  Plaintiff alleges that the following cases pending before the Northern District, filed-subsequently to the instant matter are related cases:  *Hwang v. City and County of San Francisco, et al.*  case no. C 07 2718 WDB (Date of incident: May 12, 2007) and *Maestrini v. City and County of San Francisco, et al.* case no. C 07 2941 PJH (Date of incident: October 29, 2006).

Defendants do not believe the separate matters are related.

11.  <u>Relief:</u>  Plaintiff seeks damages including General Damages in a sum according to proof, including emotional distress damages, damages for false arrest and physical injury, violation of Civil Code section 51.7 of $25,000.00 per count as a penalty in addition to actual damages, violation of Civil Code section 52.1 of $4,000.00 per count as a penalty in addition to actual damages, punitive damages according to proof, costs and attorneys fees according to proof.  Plaintiff also seeks injunctive relief pursuant to Civil Code section 52.1, enjoining Defendants from using or authorizing the use of excessive force and making false arrests.

Defendants are not seeking damages, but each defendant will individually seek costs in the event of a finding of prevailing party status.

12.  <u>Settlement and ADR:</u>  The parties request a settlement conference before a magistrate judge.  Failing that, the plaintiff prefers mediation.  The parties expect they will be in a position to discuss settlement after the depositions of the parties have been conducted.

13.  <u>Consent to Magistrate Judge for all purposes:</u>  The parties consent to a Magistrate Judge for all purposes.

14.  <u>Other reference:</u>  Not applicable.

15.  <u>Narrowing of Issues:</u>  None at this time.

16.  <u>Expedited Schedule:</u>  Not at this time.

17.  <u>Scheduling</u>:  Plaintiffs request a trial date in October 2008.  Defendants believe the case should be prepared for trial in October or November 2008.

18.  <u>Trial</u>:  The parties have demanded a jury trial, expected to last between 5 to 7 days.

19.  <u>Disclosure of Non-Party Interested Entities or Persons</u>:  Plaintiff will file his separate disclosure prior to the Joint Case Management Conference.  Pursuant to Civil L.R. 3-16, there is no such interest to report.  Defendants also have no such interest to report.

20.  <u>Other matters</u>:  None at this point.

Dated:  August 6, 2007                       THE LAW OFFICES OF JOHN L. BURRIS

By:<u>/s/ Benjamin Nisenbaum</u>
  Ben Nisenbaum
  Attorneys for Plaintiff

Dated:  August 8, 2007

  DENNIS J. HERRERA
  City Attorney
  JOANNE HOEPER
  Chief Trial Deputy
  RONALD P. FLYNN
  Deputy City Attorney

By:<u>/s/ Ronald P. Flynn</u>
  RONALD P. FLYNN
  Attorneys for Defendants
  CITY AND COUNTY OF SAN FRANCISCO,
  HEATHER FONG, IN HER OFFICIAL CAPACITY,
  AND JESSE SERNA