1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   JOANNE HOEPER, State Bar #114961
    Chief Trial Deputy
3   RONALD P. FLYNN, State Bar #184186
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, 6th Floor
5   San Francisco, California 94102-5408
    Telephone:     (415) 554-3901
6   Facsimile:     (415) 554-3837

7   Attorneys for Defendants
    CITY AND COUNTY OF SAN FRANCISCO,
8   HEATHER FONG, IN HER OFFICIAL CAPACITY, AND
    JESSE SERNA
9

10                     UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12   GREGORY OLIVER, II, | Case No. C07-02460 JL |
| 13            Plaintiff, | **OPPOSITION TO ADMINISTRATIVE MOTION TO RELATE CASES** |
| 14        vs. | |
| 15   CITY AND COUNTY OF SAN | Date Action Filed:     May 8, 2007 |
| 16   FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as | Trial Date:     None Set |
| 17   Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE | |
| 18   SERNA, individually, and in his capacity as a police officer for the CITY AND | |
| 19   COUNTY OF SAN FRANCISCO; and San Francisco police officers DOES 1-25, | |
| 20   inclusive, | |
| 21            Defendants. | |

22

23

24

25

26

27

28

**INTRODUCTION**

The Court should decline to find that the three cases at issue are related. They involve different plaintiffs. They involve different groups of defendants. They involve entirely distinct incidents occurring over a period of nine months. They involve different legal theories. One case involves allegations of a false arrest and the use of a baton. Another involves allegations of an unlawful detention, but not an arrest, and the use of physical force. Yet another involves allegations against two named officers, one who is not alleged to have been involved in any other incident.

Plaintiffs' argument is that the matters are related because one officer (Officer Serna) is alleged to have been involved in all three events, and that each plaintiff brings a *Monell* claim. That is not enough. The plaintiffs failed to meet their burden to show that the cases should be related, so the administrative motion should be denied.

Plaintiffs appear to be forum shopping. Plaintiffs were required to promptly file the motion upon learning that related actions had been filed. As they are all represented by the same counsel, they knew of the facts supporting relation at the time they filed their suits. Yet they waited for months to file their motion, until immediately after it was determined which Judge would decide the issues in the first filed matter. Plaintiffs' motion to relate should be denied.

**FACTUAL BACKGROUND**

A.    **Oliver Matter**

Gregory Oliver II allegations concern his arrest on August 20, 2006. On May 8, 2007, he filed a suit against the City and County of San Francisco, San Francisco Police Chief Fong, in her official capacity, Officer Jesse Serna, and SF Police Officers Does 1-25. *Oliver v. CCSF*, Case No. 07 2460 JL. Mr. Oliver alleges that while San Francisco Police Officers were actively engaged in breaking up a large street fight, he was told to move from the scene. (Docket #1 ¶ 8.) He says that he was pushed back from the scene, and that he tried to tell the officers that the wrong person was being arrested, and was ultimately hit with a baton and made to back up. (*Id.*) He says that Officer Serna then used excessive force against him and arrested him. (*Id.* ¶ 9.) He says that several officers then began to punch and knee him. (*Id.*) He does not allege that he requested or needed any medical treatment. In his initial case management conference statement, plaintiff makes clear that he intends

1    to amend to add additional officer defendants.  (Docket #8.)  The case alleges three federal causes of

2    action and eight state law causes of action.  (Docket #1.)  On August 8, 2007, all parties have

3    consented to the matter to proceed before Magistrate Larson.  (Docket # 8, *see also* Docket # 12, 14.)

4    Later that same day, plaintiff filed the motion to relate the three cases.  (Docket #10.)

**B.      Maestrini Matter**

6         Marco Maestrini alleges that he was unlawfully detained on October 28, 2006.  On June 6,

7    2007, he filed suit against the San Francisco, Chief Fong, in her official capacity, Officer Jesse

8    Serna, and SF Police Officers Does 1-25.  *Maestrini v. CCSF*, Case No. 07 2941 PJH.  Mr. Maestrini

9    alleges that he left a bar near closing time and approached SF Police Officers who were allegedly

10   using "excessive force" against other people.  (Docket #1 ¶ 10.)  He says that Officer Serna grabbed

11   him, slammed him against a police vehicle and told him to "shut up."  (*Id.*)  He says that he was

12   injured in the incident, an ambulance was called, and he was taken to the hospital where he refused

13   treatment and was released.  (*Id.* ¶ 12-13.)  He does not allege that he was arrested.  He did not file a

14   notice of related case at the time he filed his complaint.  On June 28, 2007, defendants declined to

15   proceed before a magistrate and the case was assigned to the Honorable Phyllis J. Hamilton.

16   (Docket #6, 8.)  The case alleges three federal causes of action and eight state law causes of action.

17   (Docket #1.)  On July 13, 2007, defendants filed a motion to dismiss many of the causes of action,

18   which is set to be heard on September 12, 2007.  (Docket #10.)  Thereafter, plaintiff filed the motion

19   to relate the case to the Oliver matter.  (Docket #11.)

**C.      Hwang Matter**

21        Esther Hwang makes allegations about Officer Nelson Artiga and Officer Jesse Serna from

22   an incident on May 12, 2007.  *Hwang v. CCSF et al.*, Case No. 07 2718 WEB.  On May 23, 2007,

23   Ms. Hwang filed an action against San Francisco, Chief Fong, in her official capacity, Officer

24   Artiga, Officer Serna, and SF Police Officers Does 1-25.  (Docket #1.)  That lawsuit states three

25   federal causes of action, and alleges that Officers Artiga and Serna unlawfully arrested her and used

26   excessive force in doing so, and that unidentified officers made inappropriate sexual comments to

27   her.  (*Id.*)  That matter has not been served on any of the defendants.  Ms. Hwang did not file a

28   notice of related case at the time she filed her complaint.

**ARGUMENT**

Plaintiffs Gregory Oliver, Marco Maestrini, and Esther Hwang must satisfy two requirements in order to have their three matters related:  (1) The actions concern substantially the same parties, property, transaction or event; and  (2) It appears likely that there will be unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.  Civ. L. R. 3-12(a).  Plaintiffs have not satisfied either prong.

A.    **Plaintiffs' Matters Concern Different Events**

Plaintiffs' argument that the cases should be related include only that they "involve similar facts" that occurred "near each other" and will "require the same *Monell*' discovery.  (Admin. Motion to Related at 2.)  That is not the test.  Instead, in order to relate the cases plaintiffs must establish substantially the same parties are involved, or the same transaction or event is at issue.

Here, the parties are not substantially the same.  Three separate plaintiffs sue.  While each sues Officer Serna and the City and County of San Francisco, Ms. Hwang also sues Officer Nelson. And Mr. Oliver intends on adding additional defendant officers, which will necessarily involve different police officers.  By the close of pleading, each of the three cases will have a *separate plaintiff* and a *different set of defendants*.

Here, too, the cases involve three completely different events that took place over a period of nine months.  Mr. Oliver sues concerning an incident that took place on August 20, 2006 that involves Officer Serna and unnamed defendants.  He was arrested and alleges that the Officers used a baton unlawfully.  Mr. Maestrini sues over an October 28, 2006 incident.  He was not arrested and does not allege use of a baton, but instead that he was injured by Officer Serna while being detained. So different witnesses and policies will be at issue in the cases.  Ms. Hwang sues concerning a May 12, 2007 incident.  She sues Officer Artiga and Officer Serna alleging excessive force and says that unidentified offices made inappropriate sexual comments to her.  Her claim, therefore, involves a completely different type of allegation.  There will be no overlap of the factual issues underlying the three events.

Plaintiffs' second reason to relate the cases involves the *Monell* claims asserted in each.  But that should not decide the matter.  First, before *Monell* liability could attach, a plaintiff must

1    establish that his or her constitutional rights were violated.  *City of Los Angeles v. Heller,* 475 U.S.

2    796, 799 (1986).  So proceeding to relate the cases simply due to the *Monell* claims is putting the

3    cart before the horse.  Second, the other legal issues in the cases will predominate and are distinct.

4    For instance, Mr. Maestrini's claims do not involve false arrest, while the others do.  Some of the

5    cases involve a myriad of state law claims, while others involve only constitutional questions.  Third,

6    even the *Monell* claims may vary.  For instance, Ms. Hwang's allegations of alleged sexually

7    charged comments will require a different inquiry from allegations of excessive force.  And

8    Ms. Hwang's allegations against Officer Nelson may also require a separate *Monell* analysis,

9    depending on the legal theory advanced by her.  So merely stating that each asserts a *Monell* claim

10   does not necessarily mean that all *Monell* claims will rise and fall together.

## B.    Unnecessary Duplication Will Not Result

12   There is no danger of burdensome duplication of labor and expense or conflicting results

13   where the main issue in each case involves the resolution of the underlying constitutional claim,

14   and/or associated state law claims.  Those claims will require discovery into the events of each

15   evening, including party and non-party witnesses.  There will be no overlap, so a decision as to how

16   to proceed on such event-specific discovery will not bleed over from one case to the next.  Nor will

17   the *Monell* issue predominate the cases to the extent that they should be related.  Indeed, if plaintiffs'

18   position is that *Monell* issues are expensive, that would counsel bifurcating the *Monell* issue in any

19   given case until an underlying constitutional violation can be shown, if at all.  *See Quintanilla v. City*

20   *of Downey,* 84 F.3d 353 (9th Cir. 1996) (affirmed the trial court's decision to bifurcate the *Monell*

21   question.)  Here, the real issues to be decided, whether plaintiffs' individual complaints against

22   Officer Artiga, Officer Serna, and/or unnamed officers, will not result in undue expense or the risk

23   of conflicting results.

## C.    Plaintiffs Appear to Be Forum Shopping.

25   The first matter, *Oliver* was filed on May 8, 2007.  Oliver is represented by John L. Burris

26   and Benjamin Nisenbaum of the Law Officer of John Burris.  (Oliver, Docket #1.)  That matter was

27   originally assigned to Magistrate Judge Larson.

28

1    Two weeks later, on May 23, 2007 the *Hwang* matter was filed.  Hwang is represented by the

2    same counsel.  (Hwang, Docket #1.)  Hwang did not file a notice of related case at that time.  That

3    matter is pending before Magistrate Judge Wayne D. Brazil and plaintiff has served the complaint.

4    Two weeks after than, on June 6, 2007, the *Maestrini* matter was filed.  Maestrini is

5    represented by the same counsel.  (Maestrini, Docket #1.)  Maestrini did file a notice of related case

6    at that time.  On June 28, 2007, defendants declined to proceed before a Magistrate and the case was

7    assigned to Judge Hamilton.  (Maestrini, Docket #6, 7.)  On July 13, 2007, defendants filed a motion

8    to dismiss certain causes of action.  (Maestrini, Docket #10.)  That motion is set to be heard on

9    September 12, 2007.

10    On August 8, 2007, the parties in Oliver, the earliest filed case, filed a Joint Case

11    Management Conference Statement in which they each consented to proceeding before Magistrate

12    Judge Larson.  (Oliver, Docket #8.)  Later that day, for the first time, plaintiffs filed a motion to

13    relate the cases.  (Oliver, Docket #10; Hwang, Docket #6; Maestrini, Docket #11.)

14    Plaintiffs do not explain the delay.  Given that each is represented by the same counsel, all of

15    the facts relied upon in the motion to relate where known from the time the cases were filed.

16    Plaintiffs offer no explanation why they waited until Magistrate Judge Larson was officially

17    assigned to the first filed case before filing a motion to relate the cases.  From the sequence of

18    events, plaintiffs appear to be forum shopping, waiting to argue that the cases are somehow related

19    until they could be assured of a particular judge.  The Court should deny the motion as untimely.

**CONCLUSION**

20

21    Plaintiffs have not made a showing that the cases are related.  They seem to have

22    acknowledge as much by waiting months to file the motion.  In all events, the cases, which involve

23    separate incidents, should not be found to be related.

24    Dated:  August 13, 2007

25
                            By:                    /s/
26                              RONALD P. FLYNN
                                Attorneys for Defendants
27                              CITY AND COUNTY OF SAN FRANCISCO,
                                HEATHER FONG, IN HER OFFICIAL CAPACITY,
28                              AND JESSE SERNA

**PROOF OF SERVICE**

I, COLLEEN M. GARRETT, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action.  I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On August 13, 2007, I served the following document(s):

**OPPOSITION TO ADMINISTRATIVE MOTION TO RELATE CASES**

on the following persons at the locations specified:

John L. Burris, Esq.
Benjamin Nisenbaum, Esq.
Law Offices of John L. Burris
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone:    (510) 839-5200
Facsimile:    (510) 839-3882
***Counsel for Plaintiff Gregory Oliver II***
***Plaintiff Marco Maestrini***
***Plaintiff Esther Hwang***

in the manner indicated below:

☒    **BY Electronic Service**

Sean Connolly                              David Newdorf
Deputy City Attorney                       Deputy City Attorney
OFFICE OF THE CITY ATTORNEY                OFFICE OF THE CITY ATTORNEY
1390 Market Street, 6th Floor              1390 Market Street, 6th Floor
San Francisco, CA  94102                   San Francisco, CA  94102
Telephone:    415/554-3863                 Telephone:    415/554-3892
Facsimile:    415/554-3837                 Facsimile:    415/554-3837

☒    **BY PERSONAL SERVICE**:  I sealed true and correct copies of the above documents in addressed envelope(s) and delivered by hand at the above locations.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed August 13, 2007, at San Francisco, California.

/s/
**COLLEEN M. GARRETT**