Gregory Oliver, II vs. City and County of San Francisco, et al.
United States District Court
C 07-02460 JL

# EXHIBIT A

JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200    Facsimile: (510) 839-3882
Email: john.burris@johnburrislaw.com
       bnisenbaum@gmail.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY OLIVER, II,                         Case No. C 07 02460 JL

            Plaintiff,                      **PLAINTIFF'S REQUEST FOR**
                                            **PRODUCTION OF DOCUMENTS TO**
        vs.                                 **DEFENDANT CITY (SET ONE)**

CITY AND COUNTY OF SAN FRANCISCO,
a municipal corporation; HEATHER FONG, in
her capacity as Chief of Police for the CITY
AND COUNTY OF SAN FRANCISCO; JESSE
SERNA, individually, and in his capacity as a
police officer for the CITY AND COUNTY OF
SAN FRANCISCO; and, San Francisco police
officers DOES 1-25, inclusive,

            Defendants.
_____/

PROPOUNDING PARTY:        Plaintiff GREGORY OLIVER, II

RESPODING PARTY:          Defendant, CITY AND COUNTY OF SAN FRANCISCO

SET NUMBER:               ONE

        Pursuant to Federal Rule of Civil Procedure 34, plaintiff hereby formally requests that you

produce and permit the inspection and copying or photographing by or on behalf of the plaintiff the

following designated documents and other tangible things <u>not privileged.</u>

The manner of inspection shall be personal inspection, including the copying of the below-mentioned documents, by plaintiffs and their attorneys of record at the hour of 10:00 a.m. on **November 19, 2007** at the offices of plaintiff's attorneys, located at 7677 Oakport Street, Suite 1120, Oakland, CA 94621. You may also comply with this request by furnishing true copies of the documents on or before the above-listed date and time. The requesting party intends to use the copies produced in lieu of the original documents at trial.

It is not plaintiff's intention to request production of privileged matter. If any materials requested are claimed to be privileged, please list the following for each item claimed to be privileged:

(a)     A brief description of the nature and contents of the matter claimed to be privileged;

(b)     The name, occupation, and capacity of the individual from whom the matter emanated;

(c)     The name, occupation and capacity of the individual to whom the allegedly privileged matter was directed;

(d)     The privilege claimed.

The following designated items of discovery and production pertain to the subject dispute between plaintiff and defendants arising out of the arrest and use of force against Plaintiff's on **August 20, 2006**:

1.     Any and all document, records, and/or other tangible material identified in Defendants' Initial Disclosure statement.

2.     Any and all tapes of all calls, including all 911 tapes, CAD recordings, radio run tapes, and any other kind of recording, and any materials, print-outs, and documents or the written counterparts of these tapes and materials concerning the August 20, 2006 subject incident, including but not limited to any calls made to or from any precinct house,

dispatcher, police officers, or "911," or CITY AND COUNTY OF SAN FRANCISCO communications operator regarding the subject-incident arrest of Plaintiff.

3. Any and all records in the possession of Defendant CITY regarding or pertaining to Plaintiff GREGORY OLIVER, III.

4. Any and all records in the possession of Defendant CITY regarding or pertaining to each person detained and/or held in the paddy-wagon with Plaintiff after Plaintiff's arrest due to the subject-incident.

5. Any and all documents and materials, including Police Academy texts, Patrol Guide sections, SAN FRANCISCO POLICE DEPARTMENT manuals, or similar materials, and all memoranda or training materials on the subject of the use of force.

6. Any and all documents and materials in the possession of Defendant CITY pertaining to medical treatment, care, and/or evaluation of Plaintiff GREGORY OLIVER, II.

7. Any and all SAN FRANCISCO POLICE DEPARTMENT reports and/or log entries for August 20, 2006, by all SAN FRANCISCO POLICE DEPARTMENT employees who were present at any stage of the instant manner.

8. Any and all SAN FRANCISCO POLICE DEPARTMENT photographs taken of Plaintiff GREGORY OLIVER, II.

9. Any and all statements in the possession of Defendant CITY pertaining to the subject incident or to the use of force against any other person detained in the paddy wagon with Plaintiff GREGORY OLIVER, II.

10. Any and all records and/or reports purporting to reflect Plaintiff GREGORY OLIVER, II's level of sobriety before, during, and/or after the subject incident.

11. Any and all documents that comprise or are part of the SAN FRANCISCO POLICE DEPARTMENT personnel file, including the disciplinary record, and any other documents concerning the hiring, training, duties, performance, assignments, and mental and physical condition of Defendant Officer SERNA.

12. Any and all documents concerning, or in any way relevant to, any formal complaint made against or about Defendant Officer SERNA within 5 years preceding the subject-incident of August 20, 2006  This includes, but is not limited to:

    a.  Documents concerning all complaints and/or disciplinary or police review of Defendant Officer SERNA by the Internal Affairs Bureau/Division, and/or its CITY AND COUNTY OF SAN FRANCISCO counterpart, and/or the Office of Citizen Complaints;

    b.  The complete file, including all documents and materials, concerning each responsive incident and/or investigation;

13. Any and all medical records and materials, relating to any care and treatment of any of the police officers present at any stage of the subject incident for any complaint of injury purportedly related to the subject incident.

14. Copy of the complete file of any Internal Affairs and/or Office of Citizen Complaintis investigation into the subject incident of Plaintiff's instant lawsuit.

Dated:  October 17, 2007

                                      **The Law Offices of John L. Burris**

                                      /s/

                                      Ben Nisenbaum
                                      Attorney for Plaintiff

## PROOF OF SERVICE

I am a citizen of the United States and am employed in the County of Alameda, State of California. I am over eighteen (18) years of age and not a party to this action. My business address is 7677 Oakport Street, Suite 1120, Oakland, California 94621. On the date below, I served the following documents in the manner indicated on the below named parties and /or counsel of record:

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CITY (SET ONE)**
*Oliver v. CCSF*

☒ **U.S. Mail,** with First Class postage prepaid and deposited in sealed envelopes at Oakland, California.

☐ **Facsimile Transmission** from (510) 839-3882 during normal business hours, complete and without error on the date indicated below, as evidenced by the report issued by the transmitting facsimile machine to: (415) 554-3837

☐ **Hand-Delivery via Courier**

☐ **Other:**

Ronald Flynn, Deputy City Attorney
San Francisco City Attorney's Office
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that I am readily familiar with this firm's practice for collection and processing of documents for mailing with the U.S. Postal Service.

Dated: Wednesday, October 17, 2007        _____

                                                             Ben Nisenbaum