Gregory Oliver, II vs. City and County of San Francisco, et al.
United States District Court
C 07-02460 JL

# EXHIBIT B

```
 1  DENNIS J. HERRERA, State Bar #139669
    City Attorney
 2  JOANNE HOEPER, State Bar #114961
    Chief Trial Deputy
 3  RONALD P. FLYNN, State Bar #184186
    Deputy City Attorney
 4  Fox Plaza
    1390 Market Street, 6th Floor
 5  San Francisco, California 94102-5408
    Telephone:    (415) 554-3901
 6  Facsimile:    (415) 554-3837

 7  Attorneys for Defendants
    CITY AND COUNTY OF SAN FRANCISCO,
 8  HEATHER FONG, IN HER OFFICIAL CAPACITY, AND
    JESSE SERNA
 9

10               UNITED STATES DISTRICT COURT

11             FOR THE NORTHERN DISTRICT OF CALIFORNIA

12  GREGORY OLIVER, II,              Case No. C07-02460 JL

13             Plaintiff,            DEFENDANT CITY AND COUNTY OF
                                     SAN FRANCISCO'S RESPONSES TO
14       vs.                         PLAINTIFF'S REQUEST FOR
                                     PRODUCTION OF DOCUMENTS
15  CITY AND COUNTY OF SAN
    FRANCISCO, a municipal corporation;   Date Action Filed:  May 8, 2007
16  HEATHER FONG, in her capacity as      Trial Date:         None Set
    Chief of Police for the CITY AND
17  COUNTY OF SAN FRANCISCO; JESSE
    SERNA, individually, and in his capacity
18  as a police officer for the CITY AND
    COUNTY OF SAN FRANCISCO; and
19  San Francisco police officers DOES 1-25,
    inclusive,
20
              Defendants.
21
22
23
24
25
26
27
28
```

1  evidence. (F.R.C.P. 26; discovery not permitted if it is "not reasonably calculated to lead to the
2  discovery of admissible evidence.") Subject to and without waiving the foregoing objections,
3  Defendant responds as follows: Defendant will produce S.F.P.D. Department General Order 1.03
4  (Duties of Patrol Officers) and 5.01 (Use of Force).

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents and materials in the possession of Defendant CITY pertaining to medical treatment, care, and/or evaluation of Plaintiff GREGORY OLIVER, III.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to and without waiving the General Objections, defendant responds as follows: Defendant is not aware of the existence of any responsive documents. The investigation of this matter is continuing and may uncover responsive documents.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all SAN FRANCISCO POLICE DEPARTMENT reports and/or log entries for August 20, 2006, by all SAN FRANCISCO POLICE DEPARTMENT employees who were present at any stage of the instant manner.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to and without waiving the General Objections, defendants will produce the documents.

**REQUEST FOR PRODUCTION NO. 8:**

Any and all SAN FRANCISCO POLICE DEPARTMENT photographs taken of Plaintiff GREGORY OLIVER, III.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to and without waiving the General Objections, defendant responds as follows: Defendant is not aware of the existence of any responsive documents. The investigation of this matter is continuing and may uncover responsive documents.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all statements in the possession of Defendant CITY pertaining to the subject incident or to the use of force against any other person detained in the paddy wagon with Plaintiff GREGORY OLIVER, II.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

In addition to the General Objections, defendants object that this Request is overbroad in that it includes attorney work product material, attorney-client privileged communications, and other potentially privileged or protected material. Defendant further reject that request is overbroad. Subject to and without waiving the foregoing objections, defendant respond as follows: defendants will produce the non-privileged documents in the custody of the San Franccisco Police Department pertaining to the subject incident. No other documents have been identified. The investigation of this matter is continuing and may uncover responsive documents.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all records and/or reports purporting to reflect Plaintiff GREGORY OLIVER, II's level of sobriety before, during, and/or after the subject incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to and without waiving the General Objections, defendant responds as follows: Defendant is not aware of the existence of any responsive documents. The investigation of this matter is continuing and may uncover responsive documents.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all documents that comprise or are part of the SAN FRANCISCO POLICE DEPARTMENT personnel file, including the disciplinary record, and any other documents concerning the hiring, training, duties, performance, assignments, and mental and physical condition of Defendant Officer SERNA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Defendant incorporates the preliminary statement and General Objections set forth above in this response. Defendants further object that this request is overbroad, burdensome, and exceeds the scope of permissible discovery (F.R.C.P. 26; discovery not permitted if it is "not reasonably

CCSF's Responses to Document Request
Oliver v. CCSF, et al. – USDC No. C07-02460 JL
n:\lit\li2007\071509\00449076.doc

1  calculated to lead to the discovery of admissible evidence"). Defendants further object to this
2  request in that it seeks documents protected by the right of privacy of defendants. <u>Soto v. City of</u>
3  <u>Concord</u>, 162 F.R.D. 603, 617 (N.D. Cal. 1995). Defendants further object to this request in that it
4  seeks documents protected by the official information privilege. <u>Miller v. Pancucci</u>, 141 F.R.D. 292,
5  299 (C.D. Cal. 1992). Subject to the preliminary statement and these objections, Defendants
6  respond as follows:
7      Defendant will not provide the requested documents without a court order and protective
8  order.
9  **REQUEST FOR PRODUCTION NO. 12:**
10     Any and all documents concerning, or in any way relevant to, any formal complaint made
11 against or about Defendant Officer SERNA within 5 years preceding the subject-incident of August
12 20, 2006 This includes, but is not limited to:
13     a.  Documents concerning all complaints and/or disciplinary or police review of
14        Defendant Officer SERNA by the Internal Affairs Bureau/Division, and/or its CITY
15        AND COUNTY OF SAN FRANCISCO counterpart, and/or the Office of Citizen
16        Complaints;
17     b.  The complete file, including all documents and materials, concerning each responsive
18        incident and/or investigation;
19 **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**
20     Defendant incorporates the preliminary statement and General Objections set forth above in
21 this response. Defendants further object that this request is overbroad, burdensome and exceeds the
22 scope of permissible discovery (F.R.C.P. 26; discovery not permitted if it is "not reasonably
23 calculated to lead to the discovery of admissible evidence"). Defendants further object to this
24 request in that it seeks documents protected by the right of privacy of defendants. <u>Soto v. City of</u>
25 <u>Concord</u>, 162 F.R.D. 603, 617 (N.D. Cal. 1995). Defendants further object to this request in that it
26 seeks documents protected by the official information privilege. <u>Miller v. Pancucci</u>, 141 F.R.D. 292,
27 299 (C.D. Cal. 1992). Subject to the preliminary statement and these objections, Defendant
28 responds as follows: Defendant agrees to provide copies of (1) any responsive formal written

complaint of excessive force made against or about Officer SERNA within five years preceding the subject incident of October 29, 2006 (subject to a Protective Order and redactions to protect the privacy of personnel records of officers other than Officer Serna); and (2) the list of witnesses contained in the complaint file.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all medical records and materials, relating to any care and treatment of any of the police officers present at any stage of the subject incident for any complaint of injury purportedly related to the subject incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to and without waiving the General Objections, defendant is not aware of any responsive documents. Defendant's investigation is ongoing.

**REQUEST FOR PRODUCTION NO. 14:**

Copy of the complete file of any Internal Affairs and/or Office of Citizen Complaints investigation into the subject incident of Plaintiff's instant lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Subject to and without waiving the General Objections, defendant responds as follows: Defendant is not aware of the existence of any responsive documents. The investigation of this matter is continuing and may uncover responsive documents.

Dated: November 26, 2007

> DENNIS J. HERRERA
> City Attorney
> JOANNE HOEPER
> Chief Trial Deputy
> RONALD P. FLYNN
> Deputy City Attorney
>
> By: /s/ Ron P. Flynn
> RONALD P. FLYNN
>
> Attorneys for Defendants
> CITY AND COUNTY OF SAN FRANCISCO,
> HEATHER FONG, IN HER OFFICIAL CAPACITY,
> AND JESSE SERNA

CCSF's Responses to Document Request
Oliver v. CCSF, et al. – USDC No. C07-02460 JL
n:\lit\li2007\071509\00449076.doc

**OLIVER V. CCSF, ET AL. – US DISTRICT COURT NO. C07-02460 JL**
**PROOF OF SERVICE**

I, CARLA RAMOS, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

On November 26, 2007, I served the attached:

**DEFENDANT CITY AND COUTY OF SAN FRANCISCO'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

John L. Burris, Esq.
Benjamin Nisenbaum, Esq.
Law Offices of John L. Burris
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone:    (510) 839-5200
Facsimile:    (510) 839-3882
*Counsel for Plaintiff*

and served the named document in the manner indicated below:

[X] **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

[ ] **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. A declaration from the messenger who made the delivery [ ] is attached or [ ] will be filed separately with the court.

[ ] **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (415) 554-3837 to the persons and the fax numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and a copy of the transmission report [ ] is attached or [ ] will be filed separately with the court.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed November 26, 2007, at San Francisco, California.

_____
CARLA RAMOS