Gregory Oliver, II vs. City and County of San Francisco, et al.
United States District Court
C 07-02460 JL

# EXHIBIT C

```
 1 │ DENNIS J. HERRERA, State Bar #139669
   │ City Attorney
 2 │ JOANNE HOEPER, State Bar #114961
   │ Chief Trial Deputy
 3 │ RONALD P. FLYNN, State Bar #184186
   │ Deputy City Attorney
 4 │ Fox Plaza
   │ 1390 Market Street, 6th Floor
 5 │ San Francisco, California 94102-5408
   │ Telephone:  (415) 554-3901
 6 │ Facsimile:  (415) 554-3837
 7 │ Attorneys for Defendants
   │ CITY AND COUNTY OF SAN FRANCISCO,
 8 │ HEATHER FONG, IN HER OFFICIAL CAPACITY, AND
   │ JESSE SERNA
 9 │
```

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY OLIVER, II, | Case No. C07-02460 JL |
| Plaintiff, | DECLARATION OF LT. MICHAEL STASKO RE PLAINTIFF'S DISCOVERY DEMANDS |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and San Francisco police officers DOES 1-25, inclusive, | Date Action Filed:  May 8, 2007<br>Trial Date:  None Set |
| Defendants. | |

I, Michael Stasko, declare as follows:

1.   I am a Lieutenant in the San Francisco Police Department. I am the Commanding Officer of the Legal Division of the San Francisco Police Department and, as such, am responsible for legal matters involving the San Francisco Police Department, including lawsuits such as this one. I have been employed as a San Francisco Police Officer for 27 years and have served in a variety of assignments with the San Francisco Police Department. I have personal knowledge of the contents

6. A court order to disclose all or significant portions of an officer's personnel file would have severe consequences for the San Francisco Police Department. Regardless of the Court's best efforts to maintain the confidentiality of disclosed records, the affected officers would feel that their legal right to personal privacy and dignity has been compromised. Disclosure would cause officers who are not defendants in this case to feel insecure about their safety and privacy and, as a result, the morale of the San Francisco Police Department would suffer. Any decline in morale adversely affects the San Francisco Police Department in that its ability to attract and retain the most qualified individuals.

7. The same grave concerns described above with respect to personnel records in general also are present with respect to records of administrative investigations and investigations of the Office of Citizen Complaints (OCC). Production of OCC materials would impinge on the privacy expectations of officers and people who file complaints with OCC. Production of OCC materials also would undermine the effective operation of the Department, as described above.

8. Regarding administrative investigations, the San Francisco Police Department must be able to conduct its own internal investigations without fear of having the results of such investigations publicly disclosed. If such records of administrative investigations are disclosed, then the San Francisco Police Department's ability effectively to investigate its officers will be severely curtailed, if not completely destroyed. The need for confidentiality of internal investigations is even more important than the need for confidentiality of performance reviews described above.

9. The above facts highlight the critical need for the confidentiality of various personnel records of the San Francisco Police Department. Such confidentiality best serves the public interest in allowing the San Francisco Police Department to hire and retain the best individuals to provide law enforcement services.

10. While official information and other confidential information contained in the San Francisco Police Department's personnel records and other records may be subject to disclosure under certain limited circumstances, the consequences to the public and the individual officers of any such disclosure must be meaningfully considered by courts and other tribunals under federal and state law.

Lt. Michael Stasko Declaration
Oliver v. CCSF, et al. – USDC No. C07-02460 JL
n:\lit\li2007\071509\00450879.doc

11. I respectfully urge this Court to weigh carefully the above-described specific reasons for maintaining the confidentiality of such personnel records against Plaintiff's request to review the records of the individual officer, which are unrelated to Plaintiff's detention that forms the basis for his lawsuit against the officer.

12. In the event that this Court has any question whether any personnel records of the officers should be disclosed, I further request this Court conduct an *in camera* inspection of such records before ordering any disclosure.

13. In the event that this Court orders any disclosure of any personnel records following its *in camera* inspection, I further request that this Court fashion a protective order precluding any disclosure or dissemination of any records, documents or information ordered disclosed for any purpose other than the express and specific purpose for which this Court has ordered such disclosure, and for such other safeguards and sanctions as this Court deems proper and that any disclosure order relative to discovery sought by Plaintiff be restricted to distribution to counsel for Plaintiff only, absent a further order allowing distribution beyond counsel for Plaintiff. Such a protective order also should require counsel for Plaintiff to return all copies of all disclosed documents upon the conclusion of Plaintiff's lawsuit.

14. Should this Court order the production to Plaintiff of any document within the files inspected by the Court, I request the Court also require all personal information regarding the officer, such as his/her social security, driver's license number, address, etc. be redacted prior to production.

I declare under penalty of perjury under the laws of the State of California and the United States that the preceding declaration is true, and that this declaration was executed on November 26, 2007, in San Francisco, California.

LIEUTENANT MICHAEL STASKO

1 **OLIVER V. CCSF, ET AL. – US DISTRICT COURT NO. C07-02460 JL**
2 <u>**PROOF OF SERVICE**</u>

3     I, CARLA RAMOS, declare as follows:

4     I am a citizen of the United States, over the age of eighteen years and **not a party to the** within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza
5 Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

6     On November 26, 2007, I served the attached:

7 **DECLARATION OF LT. MICHAEL STASKO RE PLAINTIFF'S DISCOVERY DEMANDS**

on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed
8 as follows:

9 John L. Burris, Esq.
Benjamin Nisenbaum, Esq.
10 Law Offices of John L. Burris
Airport Corporate Centre
11 7677 Oakport Street, Suite 1120
Oakland, CA 94621
12 Telephone: (510) 839-5200
Facsimile: (510) 839-3882
13 *Counsel for Plaintiff*

14 and served the named document in the manner indicated below:

15 ☒ **BY UNITED STATES MAIL**: Following ordinary business practices, I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States
16 Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited,
17 postage prepaid, with the United States Postal Service that same day.

18 ☐ **BY PERSONAL SERVICE**: I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. A
19 declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.

20 ☐ **BY OVERNIGHT DELIVERY**: I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices
21 of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

22 ☐ **BY FACSIMILE**: Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (415) 554-3837 to the persons and the fax
23 numbers listed above. The fax transmission was reported as complete and without error. The transmission report was properly issued by the transmitting facsimile machine, and a copy of the transmission report ☐ is attached or ☐ will
24 be filed separately with the court.

25     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
26

27     Executed November 26, 2007, at San Francisco, California.

28                                                   CARLA RAMOS