Gregory Oliver, II vs. City and County of San Francisco, et al.
United States District Court
C 07-02460 JL

# EXHIBIT D

LAW OFFICES OF
# JOHN L. BURRIS
www.johnburrislaw.com

John L. Burris
Ben Nisenbaum
Adanté D. Pointer

November 16, 2007

John.Burris@JohnBurrisLaw.com
Ben.Nisenbaum@JohnBurrisLaw.com
Adante.Pointer@JohnBurrisLaw.com

David Newdorf, Deputy City Attorney
Office of the City Attorney
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, CA 94102

Re:    *Maestrini v. CCSF, et al*

Dear Mr. Newdorf:

I am in receipt of the documents disclosed pursuant to Plaintiff's first set of Request for Production of Documents to Defendant CITY, and the CITY's responses. As an initial matter, I cannot agree to the limited scope of documents you will provide under terms of a protective order. As you know, one of the purposes of *Monell* discovery is to obtain discovery regarding whether Defendant CITY itself was deliberately indifferent to the danger posed by Defendant Officer SERNA, i.e. notice of prior acts or allegations of excessive force, fabrication and false arrest, and what steps Defendant CITY took in response to those prior acts or allegations of excessive force, fabrication, and false arrest. To that end, your offer to provide only copies of formal written complaints regarding excessive force alleged against Defendant Officer SERNA and the list of witnesses contained in the investigative file(s) is severely deficient. What is at issue is Defendant CITY's own investigation(s), if any, into such allegations against the same Defendant Officer, any you offer to disclose none of it. The cases you cite, *Soto v. City of Concord* and *Miller v. Pancucci* are clear in this regard. In this Federal-venue section 1983 action, Defendant CITY may not hide behind state law to conceal its own culpability, if any. To that end, I am entitled to discover documents in the CITY's possession reasonably calculated to lead to the discovery of admissible evidence. I strongly urge you to reconsider your objections to my discovery requests. If not, I will bring a discovery motion and a request for monetary sanctions for the unnecessary time expended by my office to bring the discovery motion.

The other matter may be an oversight. In response to my requests, you produced several black and white copies of photographs bates-stamped CCSF MAESTRINI 000018-000028, which appear to depict injuries to Plaintiff. Please provide color copies of these photos as soon as possible.

You know my number. Call me if you believe these issues can be resolved short of a discovery motion.

Yours truly,

Ben Nisenbaum

Gregory Oliver, II vs. City and County of San Francisco, et al.
United States District Court
C 07-02460 JL

# EXHIBIT E

CITY AND COUNTY OF SAN FRANCISCO



DENNIS J. HERRERA
City Attorney

OFFICE OF THE CITY ATTORNEY

DAVID B. NEWDORF
Deputy City Attorney

DIRECT DIAL: (415) 554-3892
E-MAIL:    david.newdorf@sfgov.org

November 20, 2007

<u>Via U.S. Mail and Facsimile: 510-839-3882</u>
Ben Nisenbaum
Law Office of John L. Burris
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, CA 94621

Re:  *Maestrini v. CCSF*
     Case No. 07-2941 PJH

Dear Mr. Nisenbaum:

I enclose the Declaration of Lt. Michael Stasko Re Plaintiff's Discovery Demands. Thank you for your courtesy in extending the time to submit this declaration.

I have also received your letter of November 16, 2007 concerning the City's discovery responses. I am in deposition all day today and will be out of the office the rest of this week for Thanksgiving. I will respond when I return. Based on our experience in other cases, I believe these issues can be resolved without the necessity of filing a discovery motion.

Very truly yours,

DENNIS J. HERRERA
City Attorney

DAVID B. NEWDORF
Deputy City Attorney

Encl.

FOX PLAZA · 1390 MARKET STREET, SIXTH FLOOR · SAN FRANCISCO, CALIFORNIA 94102
RECEPTION: (415) 554-3800 FACSIMILE: (415) 554-3837

n:\lit\li2007\071561\00450789.doc