DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
SCOTT D. WIENER, State Bar #189266
MEGHAN K. HIGGINS, State Bar #235685
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone: (415) 554-4283
Facsimile: (415) 554-3837

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG, IN HER OFFICIAL CAPACITY,
AND JESSE SERNA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY OLIVER, II,

Plaintiff,

vs.

CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and San Francisco police officers DOES 1-25, inclusive,

Defendants.

Case No. C07-02460 JL

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Hearing Date: April 2, 2008
Hearing Judge: Hon. James Larson
Time: 9:30 a.m.
Place: Courtroom F

Date Action Filed: May 8, 2007
Trial Date: None Set

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ ii

INTRODUCTION ........ 1

FACTUAL AND PROCEDURAL BACKGROUND........ 1

ARGUMENT ........ 3

I. LAW APPLICABLE TO DEFENDANTS' CLAIMS OF PRIVILEGE ........ 3

II. THE DOCUMENT REQUESTS ARE OVERBROAD AND UNDULY BURDENSOME. ........ 4

III. OFFICER SERNA'S PERSONNEL RECORDS ARE PROTECTED BY PRIVACY INTERESTS ........ 5

IV. THE REQUESTED RECORDS ARE PROTECTED BY THE OFFICIAL INFORMATION PRIVILEGE. ........ 6

V. IF THE COURT CONSIDERS ORDERING PRODUCTION, THE COURT SHOULD CONDUCT AN IN CAMERA REVIEW AND ISSUE A CONFIDENTIALITY PROTECTIVE ORDER........ 9

CONCLUSION........ 9

# TABLE OF AUTHORITIES

**State Cases**

*County of Los Angeles v. Superior Court*
219 Cal. App. 3d 1605 (1990) ....................6

**State Statutes & Codes**

California Evidence Code
Section 1045 ....................6

**Federal Cases**

*Breed v. United States Dist. Court*
542 F.2d 1114 (9th Cir. 1976) ....................6

*Caver v. City of Trenton*
192 F.R.D. 154 (D.N.J. 2000)....................6

*Deocampo v. City of Vallejo*
2007 U.S. Dist. LEXIS 43744 (E.D. Cal. 2007)....................4

*Duran v. City of Maywood*
221 F.3d 1127 (9th Cir. 2000) ....................4

*Frankenhauser v. Rizzo*
59 F.R.D. 339 (E.D. Pa. 1973)....................7, 8

*Hogan v. Robinson*
2006 U.S. Dist. LEXIS 33531 (E.D. Cal. 2006)....................5

*Jackson v. County of Sacramento*
175 F.R.D. 653 (E.D. Cal. 1997) ....................7

*Kelly v. City of San Jose*
114 F.R.D. 653 (N.D. Cal. 1987)....................3, 7, 9

*Maldonado v. Secretary of the California Department of Corrections and Rehabilitation*
2007 U.S. Dist. LEXIS 91084 (E.D. Cal. 2007)....................4, 6

*Miller v. Pancucci*
141 F.R.D. 292 (C.D. Cal. 1992)....................2

*Mueller v. Walker*
124 F.R.D. 654 (D. Or. 1989)....................8

*Randolph v. City of E. Palo Alto*
2007 U.S. Dist. LEXIS 89249 (N.D. Cal. 2007) ....................6

*Religious Technology Center v. Wollersheim*
971 F.2d 364 (9th Cir. 1992) ....................3

*Segura v. City of Reno*
116 F.R.D. 42 (D. Nev. 1987) ....................................................................................8

*Soto v. City of Concord*
162 F.R.D. 603 (N.D. Cal. 1995)................................................................................2

*United States v. Miller*
874 F.2d 1255 (9th Cir. 1989) ...................................................................................5

*Young v. Hernandez*
2007 U.S. Dist. LEXIS 21157 (S.D. Cal. 2007).........................................................8

**Federal Statutes**

Federal Rule of Civil Procedure 26 ...........................................................................2

Federal Rule of Evidence
404 ...........................................................................................................................4, 5

## INTRODUCTION

The Court should deny Plaintiff's overbroad, blunderbuss motion, one that seeks a significant amount of irrelevant peace officer personnel information. The City has agreed to produce a substantial amount of documentary material to Plaintiff, including any Office of Citizen Complaints ("OCC") complaint forms alleging excessive force that were submitted against Officer Jesse Serna in the five years preceding the incident in this case, and the names of all witnesses listed in these OCC complaints. Despite this offer, Plaintiff is asking the Court to order production of Officer Serna's complete personnel files and all OCC and internal affairs files that relate to him, regardless of subject matter. These requests seek the production of a significant number of documents with no relevance to Plaintiff's claims. Accordingly, the Court should deny the motion.

If the Court is inclined to grant any part of the motion, the Court first should review the requested materials in camera, and the Court should require that any production be narrowly tailored to the issues in this case and subject to a confidentiality protective order.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was arrested on August 20, 2006, outside the Impala Club on Broadway, after he interfered with an arrest and failed to respond to orders to back away from the location of the arrest. Officer Jesse Serna had responded to a call for emergency help because a number of fights were taking place in the area near the club. Officer Serna was setting up a perimeter border around a fight, which a number of spectators had gathered to watch, when Plaintiff approached Officer Serna aggressively. Officer Serna told Plaintiff to step back. Plaintiff refused Officer Serna's request and Officer Serna and another SFPD officer then arrested him. Plaintiff was taken to a police station and then was cited and released.

Plaintiff brought suit on May 8, 2007, alleging excessive force and false arrest claims. Plaintiff then served document requests. The two requests at issue here are:

> 11. Any and all documents that comprise or are part of the SAN FRANCISCO POLICE DEPARTMENT personnel file, including the disciplinary record, and any other documents concerning the hiring, training, duties, performance, assignments, and mental and physical condition of Defendant Officer SERNA.
>
> 12. Any and all documents concerning, or in any way relevant to, any formal complaint made against or about Defendant Officer SERNA within 5 years

preceding the subject-incident of August 20, 2006. This includes, but is not limited to:

a. Documents concerning all complaints and/or disciplinary or police review of Defendant Officer SERNA by the Internal Affairs Bureau/Division, and/or its CITY AND COUNTY OF SAN FRANCISCO counterpart, and/or the Office of Citizen Complaints.

b. The complete file, including all documents and materials, concerning each responsive incident and/or investigation;

The City responded to the two requests as follows:

RESPONSE TO REQUEST FOR PRODUCTION NO. 11:

Defendant incorporates the preliminary statement and General Objections set forth above in this response. Defendants further object that this request is overbroad, burdensome, and exceeds the scope of permissible discovery (F.R.C.P. 26; discovery not permitted if it is "not reasonably calculated to lead to the discovery of admissible evidence"). Defendants further object to this request in that it seeks documents protected by the right of privacy of defendants. *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995). Defendants further object to this request in that it seeks documents protected by the official information privilege. *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992). Subject to the preliminary statement and these objections, Defendant responds as follows: Defendant will not provide the requested documents without a court order and protective order.

RESPONSE TO REQUEST FOR PRODUCTION NO. 12:

Defendant incorporates the preliminary statement and General Objections set forth above in this response. Defendants further object that this request is overbroad, burdensome, and exceeds the scope of permissible discovery (F.R.C.P. 26; discovery not permitted if it is "not reasonably calculated to lead to the discovery of admissible evidence"). Defendants further object to this request in that it seeks documents protected by the right of privacy of defendants. *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995). Defendants further object to this request in that it seeks documents protected by the official information privilege. *Miller v. Pancucci*, 141 F.R.D. 292, 299 (C.D. Cal. 1992). Subject to the preliminary statement and these objections, Defendant responds as follows: Defendant agrees to provide copies of (1) any responsive formal written complaint of excessive force made against or about Officer SERNA within five years preceding the subject incident of October 29, 2006 (subject to a Protective Order and redactions to protect the privacy of personnel records of officers other than Officer Serna); and (2) the list of witnesses contained in the complaint file.

The City's responses were accompanied by a Declaration from Lt. Michael Stasko of the San Francisco Police Department, articulating why the documents at issue could not be produced without significantly impairing the functioning of the San Francisco Police Department. Lt. Stasko testified in detail about the need to maintain personnel files and OCC files in confidence, including the harm

that disclosure of these documents would inflict on the Department's effective functioning. *See* Stasko Decl. (attached as Exhibit A).

## ARGUMENT

Plaintiff now has filed this motion to compel, asking the Court to order the production of Officer Serna's complete personnel and background files, without limitation as to time or subject matter. The Court should deny this overbroad motion. If the Court is inclined to grant any part of the motion, the Court should first review the requested materials, and the Court should limit production to complaints of excessive force and false arrest. The Court also should require that any production be subject to a protective order that limits use of the materials to this case and that requires return of all copies of the materials at the conclusion of this litigation. The Court should further permit the City to redact all sensitive information from the produced documents.

## I. LAW APPLICABLE TO DEFENDANTS' CLAIMS OF PRIVILEGE

Plaintiff's request for broad access to Officer Serna's personnel files, whether or not those files have a likely bearing on the issues in this case, is highly overbroad and violates Officer Serna's right of privacy in his personnel information.

Peace officer personnel information is protected from unwarranted disclosure under both federal and state law. Plaintiff erroneously asserts in his motion that defendants rely on state law privileges as grounds for objecting to Plaintiff's document requests. Defendants agree that in federal question cases, the applicable privileges are governed by federal common law. *See Religious Technology Center v. Wollersheim*, 971 F.2d 364, 367 n.10 (9th Cir. 1992). Defendants' discovery responses rely solely on federal privileges, namely the right to privacy and the official information privilege.

However, to the extent that Plaintiff argues that state privilege law has no bearing on the determination of federal common law, this argument is incorrect. Although state privileges are not binding on federal courts in civil rights cases brought under federal statutes, "[a]s a matter of comity federal courts should attempt to ascertain what interests inspire relevant state doctrine and should take into account the views of state authorities about the importance of those interests." *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987). As the Court in *Maldonado v. Secretary of the*

*California Department of Corrections and Rehabilitation*, 2007 U.S. Dist. LEXIS 91084, *5-6 (E.D. Cal. 2007) noted, "[t]his court has found that in mixed federal and state claim cases, although federal law is ultimately binding, state privilege law which is consistent with its federal equivalent significantly assists in applying privilege law to discovery disputes." *See also Deocampo v. City of Vallejo*, 2007 U.S. Dist. LEXIS 43744, *6 (E.D. Cal. 2007) ("This court considers state law in mixed federal/state claims.").

Thus, to the extent that state law is not inconsistent with federal privilege law, the Court may consider state law to inform its application of federal privileges. Looking to both federal and state privileges, Plaintiff's request is grossly overbroad and should be rejected.

**II. THE DOCUMENT REQUESTS ARE OVERBROAD AND UNDULY BURDENSOME.**

As noted above, the City has agreed to produce OCC complaints of excessive force against Officer Serna for the five years preceding the incident. The City has also agreed to produce a list of witnesses to these incidents. Plaintiff, however, seeks access to the contents of all OCC files, regardless of subject matter, and to the entire files, including evaluative material. As such, the request is overbroad.

Plaintiff argues that additional information from the OCC files is discoverable because it may be admissible as evidence of prior bad acts under Federal Rule of Evidence 404(b). Although Rule 404(b) does permit admission of evidence of prior bad acts in limited circumstances, it expressly prohibits admission of evidence of other acts to prove the character of a person to show action in conformity therewith. Plaintiff's effort to rely on alleged prior conduct of Officer Serna toward other persons to prove that he must have acted similarly in this case runs afoul of Rule 404(b).

Nor would other alleged incidents described in OCC complaints fit into any of the exceptions listed under Rule 404(b): intent, plan, scheme, knowledge, and absence of mistake or accident. Evidence of other acts may be admitted only if the following test is satisfied: 1) there must be sufficient evidence to support a finding by the jury that the defendant committed the other act; 2) the other act must not be too remote in time; 3) the other act must be introduced to prove a material issue in the case; and 4) the other act must, in some cases, be similar to the offense charged. *See Duran v. City of Maywood*, 221 F.3d 1127, 1132-33 (9th Cir. 2000); *United States v. Miller*, 874 F.2d 1255,

1268 (9th Cir. 1989). Plaintiff cannot carry that burden here, and therefore cannot rely on Rule 404(b) as a basis for production of these protected documents.

Moreover, Plaintiff provides no justification for why he needs documents beyond the OCC complaint forms for his purported 404(b) argument. Any summaries or evaluative files would have no relevance to Plaintiff's attempt to establish prior bad acts. All Plaintiff needs are the complaints submitted by complainants and names and contact information for the complainants and witnesses. That information is sufficient for Plaintiff to conduct investigation and discovery to attempt to prove alleged prior bad acts.

Plaintiff also argues that some of the requested documents will lead to admissible evidence pertaining to his allegation of an SFPD custom or policy condoning the use of excessive force. Again, however, Plaintiff's request is overbroad in that it seeks access to the entire OCC investigatory files. *See Hogan v. Robinson*, 2006 U.S. Dist. LEXIS 33531, *15 (E.D. Cal. 2006) ("The entirety of the officer's file, and everything related to the officer, are irrelevant to the *Monell* issue."). The Court should reject Plaintiff's request and limit production to the OCC complaint forms (with witness information) offered by the City for the five years preceding this incident. Should the Court grant Plaintiff's motion to compel additional files, the Court should limit those requests to OCC complaints against Officer Serna for alleged unnecessary force and false arrest, which are the only complaints relevant to Plaintiff's claims.

In addition, Plaintiff seeks production of Officer Serna's entire personnel file, without providing any justification as to how or why his hiring, training, medical, psychological, and other records are relevant to this litigation. Because Plaintiff fails to identify how, if at all, these documents could lead to admissible evidence about his claims, his motion to compel their production should be denied as overbroad.

## III. OFFICER SERNA'S PERSONNEL RECORDS ARE PROTECTED BY PRIVACY INTERESTS

In addition to the overbreadth of Plaintiff's request, the request also runs squarely into Officer Serna's federal privacy rights. Defendants in federal actions may assert their constitutional right to privacy against unduly intrusive discovery. *See Breed v. United States Dist. Court*, 542 F.2d 1114,

1116 (9th Cir. 1976). As discussed above, a federal court applying this common law privilege may consider state privilege law as a means of construing the privilege, so long as that state law does not conflict with federal privilege law.

Officers have a high expectation of privacy in their personnel files. *See* Stasko Decl. at ¶ 5. This expectation is reasonable given the extensive privacy protections that attach to law enforcement personnel under state law. *See* Cal. Evid. Code § 1045; *County of Los Angeles v. Superior Court*, 219 Cal. App. 3d 1605, 1609 (1990) ("The peace officer and his or her employing agency [has] the right to refuse to disclose any information concerning the officer or complaints or investigations of the officer in both criminal and civil proceedings."). As Lt. Stasko described in his declaration, disclosure of Officer Serna's personnel file would cause him to feel that his legal right to personal privacy and dignity had been compromised, and would also cause other officers who are not related to this case to feel insecure about their privacy and safety. *See* Stasko Decl. at ¶ 6. Accordingly, disclosure of Officer Serna's personnel files would have serious adverse effects on morale.

Moreover, Plaintiff requests production of records pertaining to Officer Serna's "mental and physical condition." Courts have held that mental health records are protected by the right of privacy and the psychotherapist-patient privilege. *See Caver v. City of Trenton*, 192 F.R.D. 154, 162 (D.N.J. 2000) (psychological reports and records of police officers protected from disclosure).

Because production of these documents would impair Officer Serna's significant countervailing privacy interests in his personnel records, the Court should not order production of Officer Serna's personnel files. If the Court does so order, it should confine production to those portions of the personnel files relevant to Plaintiff's claims of excessive force and false arrest.

## IV. THE REQUESTED RECORDS ARE PROTECTED BY THE OFFICIAL INFORMATION PRIVILEGE.

Personnel files of government employees are protected by the official information privilege under federal common law. *See Randolph v. City of E. Palo Alto*, 2007 U.S. Dist. LEXIS 89249, *3 (N.D. Cal. 2007). "This federal qualified governmental privilege is consistent with California statutes according a qualified privilege to peace officer personnel records." *Maldonado*, 2007 U.S Dist.

LEXIS 91084 at *20. Courts also apply this privilege to investigatory files compiled for law enforcement purposes. *See Jackson v. County of Sacramento*, 175 F.R.D. 653, 655 (E.D. Cal. 1997).

In considering whether information collected by law enforcement agencies should be disclosed, the *Kelly* court articulated ten factors that a court should consider:

1. The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information.
2. The impact upon persons who have given information of having their identities disclosed.
3. The degree to which government self-evaluation and consequent program improvement will be chilled by disclosure.
4. Whether the information sought is factual data or evaluative summary.
5. Whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question.
6. Whether the police investigation has been completed.
7. Whether any interdepartmental disciplinary proceedings have arisen or may arise from the investigation.
8. Whether the plaintiff's suit is non-frivolous and brought in good faith.
9. Whether the information sought is available through other discovery or from other sources.
10. The importance of the information sought to plaintiff's case.

*See Kelly*, 114 F.R.D. at 663, citing *Frankenhauser v. Rizzo*, 59 F.R.D. 339 (E.D. Pa. 1973).

A government defendant invoking the official information privilege is required to submit a declaration or affidavit from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration. *Kelly*, 114 F.R.D. at 669. Here, Lt. Michael Stasko of the San Francisco Police Department submitted a declaration supporting assertion of the official information privilege.[1] Plaintiff seeks to obtain any document in any way

[1] Although Plaintiff complains that the harm Lt. Stasko identifies from disclosure of these documents "is pure speculation unsupported by any facts, studies, analysis, or logical reasoning as to how disclosure in this particular case would cause harm," the cases articulate no such requirement for a declaration supporting assertion of the official information privilege. *See, e.g.*, *Kelly*, 114 F.R.D. at 669 ("To properly support each such objection the party also must submit, at the time it files and serves its response to the discovery request, a declaration or affidavit, under oath and penalty of perjury, from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration."). To require a party opposing a discovery request to undertake "studies or analysis" to support its declaration would render an already time consuming process even more burdensome.

related to any OCC or internal affairs investigation of Officer Serna without limitation as to subject matter. The most relevant factor concerning the privilege as applied to the OCC complaints from an officer's perspective is the effect the release would have on the San Francisco Police Department's ability to effectively investigate its officers. This ability would be severely curtailed, if not completely destroyed, if these materials were disclosed. *See* Stasko Decl.¶ 8.

Moreover, the files sought by Plaintiff contain not only witness interviews, but investigators' evaluations, summaries, opinions and recommendations. Defendants have agreed to produce the list of witnesses included in OCC files containing excessive force complaints against Officer Serna. Plaintiff does not need and is not entitled to the evaluative, non-factual portions of the files. *See Frankenhauser*, 59 F.R.D. at 345. Following *Frankenhauser*, federal courts have denied plaintiff's discovery of the evaluative summaries contained in internal affairs files. *See, e.g., Mueller v. Walker*, 124 F.R.D. 654, 659 (D. Or. 1989) (plaintiff "may not discover evaluative summaries or recommendations in internal investigative files"); *Segura v. City of Reno*, 116 F.R.D. 42, 45 (D. Nev. 1987) ("[A]ny evaluative summaries and recommendations regarding discipline are not relevant to the issues in this suit, and need not be produced.").

In addition, Plaintiff is seeking a large number of documents totally unrelated to Plaintiff's claims of excessive force and false arrest. This information would be of negligible, if any, use to Plaintiff's case; accordingly, Plaintiff is not entitled to discovery of files prompted by complaints for other types of conduct. *See Young v. Hernandez*, 2007 U.S. Dist. LEXIS 21157, *9 (S.D. Cal. 2007) (limiting production of personnel files to portions that contain information regarding prior complaints of excessive force).

Finally, internal affairs investigations serve an important self-evaluative purpose designed to improve the quality of law enforcement. Disclosure of confidential investigative material would impair this important evaluative purpose. *See Frankenhauser*, 59 F.R.D. at 344 (Factor No. 3: "The degree to which government self-evaluation and consequent program improvement will be chilled by disclosure.").

The Court should apply the official information privilege and deny Plaintiff's motion.

## V. IF THE COURT CONSIDERS ORDERING PRODUCTION, THE COURT SHOULD CONDUCT AN IN CAMERA REVIEW AND ISSUE A CONFIDENTIALITY PROTECTIVE ORDER.

If the Court does order production of documents, it should confine this production to documents related to complaints of excessive force and false arrest. The Court should also review the documents in camera before ordering production. These documents may contain very sensitive and personal information, and the Court should not order their production without ensuring that they actually contain relevant information. *See Kelly*, 114 F.R.D. at 671. In addition, any production should be subject to a protective order that ensures that the documents are only utilized in this case, that they are returned at the end of the litigation, and that sensitive information is redacted.

## CONCLUSION

Plaintiff's document request is overbroad and unduly burdensome, and seeks documents that are protected both by the right of privacy and the official information privilege. Accordingly, Defendants respectfully request that Plaintiff's motion to compel production of documents be denied.

Dated: March 19, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
SCOTT D. WIENER
MEGHAN K. HIGGINS
Deputy City Attorneys

/s/ Scott D. Wiener
By:______________________________
SCOTT D. WIENER
Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG, IN HER OFFICIAL CAPACITY,
AND JESSE SERNA