# Gregory Oliver, II

# v.

# City and County of San Francisco, et al.

# Case No. C07-02460 JL

# Exhibit A

# to

# Defendant's Opposition to Plaintiff's Motion to Compel Production of Documents

1   DENNIS J. HERRERA, State Bar #139669
    City Attorney
2   JOANNE HOEPER, State Bar #114961
    Chief Trial Deputy
3   RONALD P. FLYNN, State Bar #184186
    Deputy City Attorney
4   Fox Plaza
    1390 Market Street, 6th Floor
5   San Francisco, California 94102-5408
    Telephone:    (415) 554-3901
6   Facsimile:    (415) 554-3837

7   Attorneys for Defendants
    CITY AND COUNTY OF SAN FRANCISCO,
8   HEATHER FONG, IN HER OFFICIAL CAPACITY, AND
    JESSE SERNA
9

10              UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12   GREGORY OLIVER, II,                   Case No. C07-02460 JL

13              Plaintiff,                 **DECLARATION OF LT. MICHAEL
                                           STASKO RE PLAINTIFF'S
14        vs.                              DISCOVERY DEMANDS**

15   CITY AND COUNTY OF SAN
     FRANCISCO, a municipal corporation;   Date Action Filed:    May 8, 2007
16   HEATHER FONG, in her capacity as      Trial Date:           None Set
     Chief of Police for the CITY AND
17   COUNTY OF SAN FRANCISCO; JESSE
     SERNA, individually, and in his capacity
18   as a police officer for the CITY AND
     COUNTY OF SAN FRANCISCO; and
19   San Francisco police officers DOES 1-25,
     inclusive,
20
                Defendants.
21

22        I, Michael Stasko, declare as follows:

23        1.      I am a Lieutenant in the San Francisco Police Department.  I am the Commanding

24   Officer of the Legal Division of the San Francisco Police Department and, as such, am responsible

25   for legal matters involving the San Francisco Police Department, including lawsuits such as this one.

26   I have been employed as a San Francisco Police Officer for 26 years and have served in a variety of

27   assignments with the San Francisco Police Department.  I have personal knowledge of the contents

28

---

Lt. Michael Stasko Declaration                                    n:\lit\li2007\071509\00450879.doc
Oliver v. CCSF, et al. – USDC No. C07-02460 JL

1   of this declaration, and, if called upon to testify, I could and would testify competently to the

2   contents of this declaration.

3       2.    I understand that Plaintiff has served discovery requests seeking certain documents

4   and information relating to S.F.P.D. Officer Jesse Serna.

5       3.    The materials and information encompassed by Plaintiff's requests include: (1)

6   complaints of use of force relating to the indicated officers for a five-year period before August 20,

7   2006; (2) documents and information about whether discipline was imposed as a result of the

8   incident in this case; (3) training materials relating to the indicated officers; (4) documents and

9   information relating to investigation and analysis by the Department and the Office of Citizens

10  Complaint relating to the incident in this case; and (5) the complete personnel files of the indicated

11  officer, including material relating to any discipline imposed on the officer over time.

12      4.    I have personally reviewed the personnel files of the identified officer. The San

13  Francisco Police Department has maintained the confidentiality of the documents described in

14  greater detail below, in compliance with California law.

15      5.    I am familiar with the types of information contained in a San Francisco Police

16  Officer's personnel file. San Francisco Police Officers understand and expect that information from

17  their personnel records and other private information may not be voluntarily disclosed by the San

18  Francisco Police Department. Statutes such as Penal Code sections 146e, 1328.5 and California

19  Vehicle Code section 1808.4 explicitly recognize that the disclosure of certain information about law

20  enforcement officers can jeopardize their safety and the safety of their families. Further, California

21  Evidence Code Section 1040 sets up a strict procedure requiring a showing of "good cause" for the

22  disclosure of a peace officer's personnel records and requires a court order before any such personnel

23  records may be disclosed. In view of the clear dangers of law enforcement work, the San Francisco

24  Police Department has an abiding interest in assuring the safety and security of its officers and their

25  families to the fullest extent possible. Accordingly, various policies and procedures of the San

26  Francisco Police Department also impose a duty to maintain the confidentiality and security of

27  information from its officers' personnel records.

28

1    6.    A court order to disclose all or significant portions of an officer's personnel file would

2    have severe consequences for the San Francisco Police Department. Regardless of the Court's best

3    efforts to maintain the confidentiality of disclosed records, the affected officers would feel that their

4    legal right to personal privacy and dignity has been compromised. Disclosure would cause officers

5    who are not defendants in this case to feel insecure about their safety and privacy and, as a result, the

6    morale of the San Francisco Police Department would suffer. Any decline in morale adversely

7    affects the San Francisco Police Department in that its ability to attract and retain the most qualified

8    individuals.

9    7.    The same grave concerns described above with respect to personnel records in

10   general also are present with respect to records of administrative investigations and investigations of

11   the Office of Citizen Complaints (OCC). Production of OCC materials would impinge on the

12   privacy expectations of officers and people who file complaints with OCC. Production of OCC

13   materials also would undermine the effective operation of the Department, as described above.

14   8.    Regarding administrative investigations, the San Francisco Police Department must

15   be able to conduct its own internal investigations without fear of having the results of such

16   investigations publicly disclosed. If such records of administrative investigations are disclosed, then

17   the San Francisco Police Department's ability effectively to investigate its officers will be severely

18   curtailed, if not completely destroyed. The need for confidentiality of internal investigations is even

19   more important than the need for confidentiality of performance reviews described above.

20   9.    The above facts highlight the critical need for the confidentiality of various personnel

21   records of the San Francisco Police Department. Such confidentiality best serves the public interest

22   in allowing the San Francisco Police Department to hire and retain the best individuals to provide

23   law enforcement services.

24   10.   While official information and other confidential information contained in the San

25   Francisco Police Department's personnel records and other records may be subject to disclosure

26   under certain limited circumstances, the consequences to the public and the individual officers of

27   any such disclosure must be meaningfully considered by courts and other tribunals under federal and

28   state law.

11.    I respectfully urge this Court to weigh carefully the above-described specific reasons for maintaining the confidentiality of such personnel records against Plaintiff's request to review the records of the individual officer, which are unrelated to Plaintiff's detention that forms the basis for his lawsuit against the officer.

12.    In the event that this Court has any question whether any personnel records of the officers should be disclosed, I further request this Court conduct an *in camera* inspection of such records before ordering any disclosure.

13.    In the event that this Court orders any disclosure of any personnel records following its *in camera* inspection, I further request that this Court fashion a protective order precluding any disclosure or dissemination of any records, documents or information ordered disclosed for any purpose other than the express and specific purpose for which this Court has ordered such disclosure, and for such other safeguards and sanctions as this Court deems proper and that any disclosure order relative to discovery sought by Plaintiff be restricted to distribution to counsel for Plaintiff only, absent a further order allowing distribution beyond counsel for Plaintiff. Such a protective order also should require counsel for Plaintiff to return all copies of all disclosed documents upon the conclusion of Plaintiff's lawsuit.

14.    Should this Court order the production to Plaintiff of any document within the files inspected by the Court, I request the Court also require all personal information regarding the officer, such as his/her social security, driver's license number, address, etc. be redacted prior to production.

I declare under penalty of perjury under the laws of the State of California and the United States that the preceding declaration is true, and that this declaration was executed on November 26, 2007, in San Francisco, California.

LIEUTENANT MICHAEL STASKO

1 | **OLIVER V. CCSF, ET AL. – US DISTRICT COURT NO. C07-02460 JL**

2 | **PROOF OF SERVICE**

3 | I, CARLA RAMOS, declare as follows:

4 | I am a citizen of the United States, over the age of eighteen years and not a party to the within entitled action. I am employed at the City Attorney's Office of San Francisco, Fox Plaza

5 | Building, 1390 Market Street, Sixth Floor, San Francisco, CA 94102.

6 | On November 26, 2007, I served the attached:

7 | **DECLARATION OF LT. MICHAEL STASKO RE PLAINTIFF'S DISCOVERY DEMANDS**

8 | on the interested parties in said action, by placing a true copy thereof in sealed envelope(s) addressed as follows:

9 | John L. Burris, Esq.
Benjamin Nisenbaum, Esq.

10 | Law Offices of John L. Burris
Airport Corporate Centre

11 | 7677 Oakport Street, Suite 1120
Oakland, CA 94621

12 | Telephone:    (510) 839-5200
Facsimile:     (510) 839-3882

13 | *Counsel for Plaintiff*

14 | and served the named document in the manner indicated below:

15 | ☒    **BY UNITED STATES MAIL:** Following ordinary business practices, I sealed true and correct copies of the above

16 | documents in addressed envelope(s) and placed them at my workplace for collection and mailing with the United States Postal Service. I am readily familiar with the practices of the San Francisco City Attorney's Office for collecting and

17 | processing mail. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be deposited, postage prepaid, with the United States Postal Service that same day.

18 | ☐    **BY PERSONAL SERVICE:** I sealed true and correct copies of the above documents in addressed envelope(s) and caused such envelope(s) to be delivered by hand at the above locations by a professional messenger service. A

19 | declaration from the messenger who made the delivery ☐ is attached or ☐ will be filed separately with the court.

20 | ☐    **BY OVERNIGHT DELIVERY:** I sealed true and correct copies of the above documents in addressed envelope(s) and placed them at my workplace for collection and delivery by overnight courier service. I am readily familiar with the practices

21 | of the San Francisco City Attorney's Office for sending overnight deliveries. In the ordinary course of business, the sealed envelope(s) that I placed for collection would be collected by a courier the same day.

22 | ☐    **BY FACSIMILE:** Based on a written agreement of the parties to accept service by fax, I transmitted true and correct copies of the above document(s) via a facsimile machine at telephone number (415) 554-3837 to the persons and the fax

23 | numbers listed above. The fax transmission was reported as complete and without error. The transmission report was

24 | properly issued by the transmitting facsimile machine, and **a copy of the transmission report** ☐ **is attached** or ☐ **will be filed separately with the court.**

25 | I declare under penalty of perjury under the laws of the State of California that the foregoing

26 | is true and correct.

27 | Executed November 26, 2007, at San Francisco, California.

28 | CARLA RAMOS

Declaration of Lt. Michael Stasko
Oliver v. CCSF, et al. – USDC No. C07-02460 JL