DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
SCOTT D. WIENER, State Bar #189266
MEGHAN K. HIGGINS, State Bar #235685
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4283
Facsimile:     (415) 554-3837

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG, IN HER OFFICIAL CAPACITY,
AND JESSE SERNA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY OLIVER, II,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and San Francisco police officers DOES 1-25, inclusive,<br><br>Defendants. | Case No. C07-02460 JL<br><br>**MOTION TO BIFURCATE PLAINTIFFS' CLAIMS AGAINST CITY AND COUNTY OF SAN FRANCISCO AND CHIEF HEATHER FONG FROM CLAIMS AGAINST OFFICER SERNA**<br><br>**MOTION TO STAY *MONELL* AND RELATED DISCOVERY**<br><br>Hearing Date:     May 21, 2008<br>Hearing Judge:   Hon. J. Larson<br>Time:            9:30 a.m.<br>Place:           Courtroom F<br><br>Date Action Filed: May 8, 2007<br>Trial Date:        None Set |

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

NOTICE OF MOTION AND MOTION ............................................................................... 1

RELIEF REQUESTED [Civil L.R.7-2(b)(3) ] ...................................................................... 1

      1.    Bifurcation of the Trial of the City's and Chief Fong's *Monell* Liability ................................................................................................. 1

      2.    Stay of Discovery Concerning Plaintiff's *Monell* And Related Claims ...................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 2

    I.    INTRODUCTION ............................................................................................ 2

    II.    OVERVIEW OF THE CASE ........................................................................... 3

    III.    THE COURT SHOULD BIFURCATE PLAINTIFF'S CLAIMS AND ADJUDICATE THE CLAIMS AGAINST OFFICER SERNA BEFORE ADJUDICATING THE CLAIMS AGAINST THE CITY AND CHIEF FONG. .. 4

        A.    Bifurcation is Necessary to Avoid Prejudice to Officer Serna. .................... 4

        B.    Bifurcation will Prevent Unnecessary Consumption of Judicial and Litigant Resources. ................................................................................. 6

    IV.    THE COURT SHOULD STAY *MONELL* DISCOVERY UNTIL AFTER THE TRIAL OF PLAINTIFFS' CLAIMS AGAINST THE OFFICERS ......................... 7

    V.    BIFURCATION AND A DISCOVERY STAY OF *MONELL* ISSUES IS PARTICULARLY IMPORTANT WITH RESPECT TO OFFICER SERNA'S NON-OCC PERSONNEL FILES ........................................................................ 8

    VI.    CONCLUSION ................................................................................................. 8

# TABLE OF AUTHORITIES

**Federal Cases**

*Arnold v. City of Scappoose*
  No. CIV. 00-1640-FR, 2001 WL 34039490 (D. Or. Aug. 20, 2001) ....................................5, 7

*Boyd v. City and County of San Francisco*
  No. C04-5459 MMC, 2006 WL 680556 (N.D. Cal. Mar. 14, 2006) ..........................................7

*City of Los Angeles v. Heller*
  475 U.S. 796 (1986)..................................................................................................................6

*City of Newport v. Fact Concerts, Inc.*
  453 U.S. 247 (1981)..................................................................................................................6

*Ellingson Timber Co. v. Great N. Ry. Co.*
  424 F.2d 497 (9th Cir. 1970) ....................................................................................................7

*Estate of Gonzalez v. Hickman*
  2007 U.S. Dist. LEXIS 84390, *39 n.19 (C.D. Cal. 2007)........................................................5

*Estate of Layman v. Blalack*
  2003 U.S. Dist. LEXIS 8142 .....................................................................................................5

*George v. City of Long Beach*
  973 F.2d 706 (9th Cir. 1992) ....................................................................................................6

*Jones v. City of Chicago*
  No. 98 C 5418, 1999 WL 160228 (N.D. Ill. March 10, 1999) ..................................................7

*Monell v. Department of Social Services*
  436 U.S. 658 (1978).........................................................................................1, 2, 3, 4, 5, 6, 7, 8

*Morales v. Irizarry*
  No. 95 Civ. 5068, 1996 WL 609416 (S.D.N.Y. Oct. 22, 1996) ................................................7

*Quintanilla v. City of Downey*
  84 F.3d 353 (9th Cir. 1996) ...................................................................................................4, 5

*Ruvalcaba v. City of Los Angeles*
  167 F.3d 514 (9th Cir. 1999) ....................................................................................................6

*Saxion v. Titan-C-Manufacturing, Inc.*
  86 F.3d 553 (6th Cir. 1996) ......................................................................................................4

*Washburn v. Fagan*
  No. C03-0869 MJJ, C03-1194 MJJ, 2006 WL 1072057 (N.D. Cal. Apr. 21, 2006)..................7

*Wilkins v. City of Oakland*
  C01-1402 MMC (N.D. Cal. Feb. 8, 2006)................................................................................7

*Wilson v. Morgan*
    477 F.3d 326 (6th Cir. 2007) ...................................................................................................5

**Federal Statutes**

Federal Civil Local Rule
    7-2 ............................................................................................................................................1

Federal Rule of Civil Procedure
    26 .....................................................................................................................................1, 7, 8

Federal Rule of Civil Procedure
    42 .....................................................................................................................................1, 4, 7

Federal Rule of Evidence
    404 ...........................................................................................................................................8

**State Statutes & Codes**

California Government Code
    Section 815.2 ..........................................................................................................................6

**NOTICE OF MOTION AND MOTION**

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD: PLEASE TAKE NOTICE that on May 21, 2008, at 9:30 a.m. or as soon thereafter as this matter may be heard, before the Honorable James Larson, United States District Court, 450 Golden Gate Avenue, San Francisco, California, Defendants City and County of San Francisco ("the City"), Chief Heather Fong, and Officer Jesse Serna will move the Court for an order bifurcating Plaintiff's claims against Officer Serna from his claims against the City and Chief Fong. Defendants further move for an order staying discovery on Plaintiff's claims against the City and Chief Fong until Plaintiff's claims against Officer Serna have been adjudicated.

Defendants base their motion on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the pleadings and records on file in this case, and on such oral argument as may be presented at the hearing of this motion.

**RELIEF REQUESTED [Civil L.R.7-2(b)(3) ]**

**1.    Bifurcation of the Trial of the City's and Chief Fong's *Monell*[1] Liability**

Defendants request that Plaintiff's lawsuit be bifurcated under Fed. R. Civ. P. 42(b) so that Plaintiff's claims against the City and Chief Fong based on alleged unconstitutional policies, customs, hiring, retention, training, supervision, and discipline be tried, if at all, after adjudication of their claims against Officer Serna, who was named individually. Such a ruling will avoid undue prejudice to Officer Serna and will conserve judicial and litigant resources by shortening the trial of this matter.

**2.    Stay of Discovery Concerning Plaintiff's *Monell* And Related Claims**

Defendants request that *Monell* discovery and other discovery relating to alleged negligent hiring, retention, training, supervision, and discipline be stayed under Fed. R. Civ. P. 26(c) until after Plaintiff has attempted to establish the individual liability of Officer Serna for alleged violation of Plaintiff's constitutional rights. Such a stay will shorten the time necessary to prepare for the initial trial of Plaintiff's claims against Officer Serna by avoiding a significant, and potentially unnecessary,

---

[1] *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Chief Fong has been named in her official capacity, which amounts to a claim against the City. *See id.*

amount of discovery that Plaintiff is seeking and will seek regarding the City's policies, customs, hiring, retention, training, supervision, and discipline.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

Plaintiff is suing Officer Serna, alleging false arrest, excessive force, and related California claims. Plaintiff is also suing the City and Chief Heather Fong (in her official capacity) on a theory of municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and for alleged negligent hiring, retention, training, supervision, and discipline.

The Court should bifurcate these very different claims and should adjudicate the underlying claims against Officer Serna before adjudicating the much more labor-intensive *Monell* and negligent hiring, etc., claims against the City. As numerous courts — including courts in this district — have recognized, bifurcation of these claims will save the parties and the Court a significant amount of resources, will avoid unfair prejudice to Officer Serna, and will not prejudice Plaintiff.

Adjudication of Plaintiff's claims against Officer Serna will be straightforward and simple — namely, a determination of whether Officer Serna falsely arrested Plaintiff and whether he used excessive force under the circumstances. In addition to the significant and potentially unnecessary burden that litigation of the *Monell* and related state claims will place on the City, trial of these claims in connection with the claims against Officer Serna could unfairly prejudice Officer Serna by tainting him with unrelated claims of alleged wrongdoing and evidence of policies and practices having nothing to do with him. Moreover, even unrelated claims of wrongdoing pertaining to Officer Serna will unfairly prejudice him because the evidence will likely be inadmissible character evidence.

By contrast, adjudication of Plaintiff's claims against the City and Chief Fong will be much more complicated and require a significant amount of discovery to ascertain whether the City had an unconstitutional policy, custom, or usage regarding the alleged conduct in this case and whether the City was negligent in its hiring, training, and other supervision of Officer Serna.[2]

---

[2] Defendants do not concede that Plaintiff has a viable claim under California law for negligent hiring, etc. However, Plaintiff has raised this claim, and it is still in the operative complaint.

Bifurcation of these claims is in the interest of judicial economy and will allow the parties and the Court to avoid potentially needless litigation of the *Monell* and hiring and supervision issues.  If the jury finds, in the initial phase, that Officer Serna did not violate Plaintiffs' constitutional rights, then the *Monell* claim will be moot, because a *Monell* claim cannot survive without an underlying constitutional violation.  If the jury finds that the Officer Serna did, in fact, violate Plaintiff's constitutional rights, then any City liability will be coextensive with Officer Serna's liability, exclusive of punitive damages — in other words, Plaintiff will not recover any additional damages (with the possible exception of nominal damages) by pursuing the City and will have been made whole in his claim against Officer Serna.  Accordingly, the *Monell* claim adds little or nothing to Plaintiff's lawsuit.[3]

The Court should bifurcate the claims against the City and Chief Fong from the claims against Officer Serna and should stay all *Monell* and related discovery until after the claims against Officer Serna have been adjudicated.

## II.    OVERVIEW OF THE CASE

This case arose on August 20, 2006.  Plaintiff was arrested outside the Impala Club on Broadway, after he interfered with an arrest and failed to respond to orders to back away from the location of the arrest.  Officer Jesse Serna had responded to a call for emergency help because a number of fights were taking place in the area near the club.  Officer Serna was setting up a perimeter border around a fight, which a number of spectators had gathered to watch, when Plaintiff approached Officer Serna aggressively.  Officer Serna told Plaintiff to step back.  Plaintiff refused Officer Serna's request and Officer Serna and another SFPD officer then arrested him.  Plaintiff was taken to a police station and then was cited and released.

Plaintiff has propounded document requests and interrogatories seeking information about training, Officer Serna's personnel history, and prior citizen complaints and discipline.  The City

---

[3] The only scenario in which Plaintiff does not prevail against Officer Serna but still may be able to prevail against the City is if Officer Serna is entitled to qualified immunity. If the Court bifurcates the lawsuit and if Officer Serna receives qualified immunity, the Court then can proceed, if appropriate, to adjudicate Plaintiff's claims against the City. In other words, bifurcation will not prejudice Plaintiff even if Officer Serna receives qualified immunity.

objected to production of some of these documents, and Plaintiff moved to compel their production. Following a hearing on April 2, 2008, the City has agreed to produce all documents responsive to Plaintiff's document requests numbers eleven and twelve to the Court for *in camera* review. The City is still amenable to doing so, but requests that production of documents relevant only to Plaintiff's *Monell* claims such as Officer Serna's personnel file be delayed.

### III. THE COURT SHOULD BIFURCATE PLAINTIFF'S CLAIMS AND ADJUDICATE THE CLAIMS AGAINST OFFICER SERNA BEFORE ADJUDICATING THE CLAIMS AGAINST THE CITY AND CHIEF FONG.

Plaintiff is alleging constitutional claims (and related state claims) against Officer Serna based on alleged false arrest and alleged use of excessive force. Plaintiff is also alleging claims against the City and Chief Fong based on an alleged unconstitutional custom or policy involving use of force (and related state claims). *See Monell v. Department of Social Services*, 436 U.S. 658 (1978). The Court should bifurcate the case under Federal Rule of Civil Procedure 42(b) so that Plaintiffs' claims against Officer Serna are tried before the *Monell* claim.

Under Fed. R. Civ. P. 42(b), the Court may bifurcate a case if: (1) a combined trial will result in prejudice to one or more parties, (2) bifurcation will result in convenience to the parties or the Court, or (3) bifurcation will bolster judicial economy. Only one of the applicable factors need exist to warrant bifurcation. *See Saxion v. Titan-C-Manufacturing, Inc.,* 86 F.3d 553, 556 (6th Cir. 1996).

Here, bifurcation is necessary for two reasons: (1) to avoid prejudice to Officer Serna from admission of unrelated instances of alleged false arrest and excessive force and (2) to avoid unnecessary consumption of Court and litigant resources litigating a potentially moot *Monell* claim. *See Quintanilla v. City of Downey,* 84 F.3d 353, 356 (9th Cir. 1996) ("The district court, under Fed. R. Civ. P. 42(b), in the interest not only of convenience and judicial economy but also the avoidance of potential prejudice and confusion, bifurcated the trial of the individual police officers from the Chief and city.").

#### A. Bifurcation is Necessary to Avoid Prejudice to Officer Serna.

Failure to bifurcate the questions of individual and municipal liability in this case will prejudice Officer Serna because Plaintiff likely will attempt to prove his *Monell* claim by introducing evidence of alleged misconduct from other incidents involving Officer Serna. This evidence will be

highly and unfairly prejudicial to Officer Serna. *See Estate of Gonzalez v. Hickman*, 2007 U.S. Dist. LEXIS 84390, *39 n.19 (C.D. Cal. 2007) (granting bifurcation where evidence would otherwise cause unfair prejudice, which "means undue tendency to suggest decision on an improper basis, commonly...an emotional one"). This will also likely be inadmissible character evidence.[4]

The same issue was addressed in *Quintanilla,* 84 F.3d 353, in which the Ninth Circuit affirmed the trial court's decision to bifurcate the *Monell* question. The plaintiff in *Quintanilla* alleged that use of a police dog during his arrest constituted excessive force. The plaintiff sought to introduce evidence, photographs, and a videotape concerning various unrelated dog bites and expert medical and police procedure testimony as to the training of police dogs and the severity of injuries caused by police dogs. The district court excluded the evidence during the individual-liability phase of the trial. The Ninth Circuit affirmed on the ground that the individual officers' liability was the initial issue:

> [T]he evidence was premature. The Chief and city's liability under *Monell* was not yet at issue. Admitting evidence pertaining to the *Monell* issue could well have unfairly prejudiced the Chief and city and confused the jury as it considered the individual officers' actions.

*Id.* at 356; *see also see also Wilson v. Morgan*, 477 F.3d 326, 340 (6th Cir. 2007) ("The magistrate judge's decision to bifurcate the trial was eminently reasonable in the interests of judicial economy and avoiding possible juror confusion. It was not an abuse of discretion to bifurcate individual liability from municipal liability, and it would be illogical to try the municipality first since its liability under § 1983 could not be determined without a determination of the lawfulness of the individuals' actions."); *Arnold v. City of Scappoose*, No. CIV. 00-1640-FR, 2001 WL 34039490 (D. Or. Aug. 20, 2001) (granting motion to bifurcate claims against officers from *Monell* claims).

---

[4] Federal Rule of Evidence 404(b) permits evidence of prior bad acts to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Where such evidence is not admissible, not relevant, or would cause undue prejudice, it supports bifurcation of issues in a trial. *See Estate of Layman v. Blalack*, 2003 U.S. Dist. LEXIS 8142, (granting bifurcation where evidence of prior acts of plaintiff largely inadmissible for issues of liability). Here, evidence of prior allegations of misconduct by Officer Serna will not be admissible under Rule 404(b) and is not relevant to Plaintiff's individual claims against Officer Serna. However, without bifurcation these allegations may unduly influence the jury when considering Plaintiff's claim against Officer Serna.

### B. Bifurcation will Prevent Unnecessary Consumption of Judicial and Litigant Resources.

In addition, trying the *Monell* claims jointly with the claims against Officer Serna will consume substantial Court and litigant resources without benefiting Plaintiffs. If Officer Serna is found not to have violated Plaintiff' constitutional rights, Plaintiff will not be able to pursue his *Monell* claims against the City:

> If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have *authorized* the use of constitutionally excessive force is quite beside the point.

*City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

Conversely, if Officer Serna is found liable, the City's liability will not extend beyond that liability. *See George v. City of Long Beach*, 973 F.2d 706, 709 (9th Cir. 1992); *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 524 (9th Cir. 1999). The City will be required under state law to indemnify Officer Serna, *see* Cal. Govt. Code § 815.2(a), and Plaintiff's damages thus will have been paid. In addition, the City cannot be liable for punitive damages either by indemnifying Officer Serna for punitive damages or by being assessed with its own punitive damages. In other words, with the possible exception of nominal damages, Plaintiff will not be able to obtain additional damages against the City beyond what he will have recovered against the Officer Serna. *See City of Newport v. Fact Concerts, Inc.* 453 U.S. 247 (1981); *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514 (9th Cir. 1999).

Thus, Plaintiff has little to gain by pursuing a claim against the City based on an unconstitutional policy or practice. Regardless of the outcome of the claim against Officer Serna, the Court will have conserved significant resources and avoided potential prejudice to Officer Serna by bifurcating the claims, and the Court will not have prejudiced Plaintiff's ability to obtain a complete monetary recovery if he is entitled to such a recovery.[5]

---

[5] As noted above, if Officer Serna is entitled to qualified immunity, Plaintiff may then proceed with his *Monell* claim against the City. Bifurcation will not prejudice Plaintiff if this occurs, since he will simply proceed against the City alone to the extent permitted by law.

For these reasons, courts in this district have repeatedly granted similar motions to bifurcate. *See, e.g.*, *Washburn v. Fagan*, No. C03-0869 MJJ, C03-1194 MJJ, 2006 WL 1072057, at *7 n.11 (N.D. Cal. Apr. 21, 2006); *Boyd v. City and County of San Francisco*, No. C04-5459 MMC, 2006 WL 680556 (N.D. Cal. Mar. 14, 2006); *Wilkins v. City of Oakland*, C01-1402 MMC (N.D. Cal. Feb. 8, 2006).

In the interest of (i) avoiding confusion of the jury; (ii) undue prejudice to the officers; and (iii) potentially shortening the overall litigation, the Court should reserve trial of Plaintiffs' *Monell* claim and related claims against the City until after the trial of Plaintiffs' claims against the officers.

## IV.    THE COURT SHOULD STAY *MONELL* DISCOVERY UNTIL AFTER THE TRIAL OF PLAINTIFFS' CLAIMS AGAINST THE OFFICERS.

The Court has broad discretion under Fed. R. Civ. P. 26(c) to control the scope and sequence of discovery. The Court should use that discretion in this case to stay *Monell* discovery until after the trial on the liability of Officer Serna.

"One of the purposes of Rule 42(b) is to permit deferral of costly and possibly unnecessary discovery proceedings pending resolution of potentially dispositive preliminary issues." *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970). Courts have stayed *Monell* discovery "to conserve the resources of the parties and the court." *Jones v. City of Chicago,* No. 98 C 5418, 1999 WL 160228 (N.D. Ill. March 10, 1999); *see Boyd*, 2006 WL 680556 (staying *Monell* discovery in light of bifurcation order); *Arnold*, 2001 WL 34039490, at *2 ("There is significant judicial economy in separating the question of the constitutionality of the actions of the individual officers from the question of municipal liability under *Monell* . . . ."). Because "the proof required to establish a *Monell* claim is substantially different from the proof necessary to establish individual liability, the most prudent course is to try the *Monell* claims separately and to stay discovery concerning those claims until the liability of the individual defendants is established." *Morales v. Irizarry*, No. 95 Civ. 5068, 1996 WL 609416 (S.D.N.Y. Oct. 22, 1996).

Such a stay is appropriate in this case. *Monell* discovery concerning the City's policies and practices will add significant time and burden for the parties. Plaintiff already are seeking significant amounts of material relating to training, discipline, and supervision. By avoiding *Monell* discovery at

this point, this burdensome discovery can be avoided unless and until it is necessary after trial of the claims against Officer Serna.

The Court should order a stay of *Monell* and related discovery under Fed. R. Civ. P. 26(c), because the stay is likely to shorten the overall length of the litigation and the burden on the Court and the parties.

## V. BIFURCATION AND A DISCOVERY STAY OF *MONELL* ISSUES IS PARTICULARLY IMPORTANT WITH RESPECT TO OFFICER SERNA'S NON-OCC PERSONNEL FILES.

Bifurcation and a stay are particularly significant because of Officer Serna's privacy rights, which should not be violated unnecessarily and only if the *Monell* claim survives adjudication of Plaintiff's individual claim against Officer Serna.

To be clear, the City is producing to Plaintiff basic policy documents, departmental structure documents, and audits/studies of SFPD. Although these materials are technically *Monell*-related, they impose a small burden and do not implicate Officer Serna's privacy rights. Thus, the City has no problem producing that material and is doing so this week.

In addition, OCC material relating to Officer Serna is being provided to the Court for an *in camera* review per the Court's order. That material goes not just to *Monell* but also to Federal Rule of Evidence 404(b). In other words, it potentially serves a dual purpose.

In contrast, non-OCC materials — i.e., pure personnel files — have no conceivable relevance except to support a *Monell* claim. Given the extreme sensitivity of these personnel materials, the Court should stay discovery of such materials until the bifurcated *Monell* claim is adjudicated. These materials should be considered for production only if the bifurcated *Monell* claim survives and not before then.

## VI. CONCLUSION

Defendants respectfully request that the Court grant this motion.

1  Dated: April 14, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
SCOTT D. WIENER
MEGHAN K. HIGGINS
Deputy City Attorneys

By: -/s/-   Scott D. Wiener
SCOTT D. WIENER
Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG, IN HER OFFICIAL CAPACITY,
AND JESSE SERNA

Motion to Bifurcate Claims Against the City;
Oliver v. CCSF, et al. – USDC No. C07-02460 JL
9
n:\lit\li2008\071509\00478110.doc