DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
SCOTT D. WIENER, State Bar #189266
MEGHAN K. HIGGINS, State Bar #235685
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4283
Facsimile:      (415) 554-3837

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG, IN HER OFFICIAL CAPACITY,
AND JESSE SERNA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY OLIVER, II,<br><br>        Plaintiff,<br><br>  vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and San Francisco police officers DOES 1-25, inclusive,<br><br>        Defendants. | Case No. C07-02460 JL<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO BIFURCATE *MONELL* CLAIMS AND TO STAY *MONELL* DISCOVERY**<br><br>Hearing Date:    May 21, 2008<br>Hearing Judge:  Hon. J. Larson<br>Time:            9:30 a.m.<br>Place:           Courtroom F<br><br>Date Action Filed:  May 8, 2007<br>Trial Date:        None Set |

## I. INTRODUCTION

In their opening brief, Defendants explained why it makes sense to bifurcate Plaintiff's *Monell* claim and to stay *Monell* discovery. *Monell* discovery is likely to be of little value, because the *Monell* claim will almost certainly be moot after trial of the underlying constitutional claims against Officer Serna. If Officer Serna is found liable, Plaintiff will be awarded damages and will receive no additional damages based on his *Monell* claim. If Officer Serna is exonerated, Plaintiff's *Monell* claim will have no merit.

Yet, despite its low value to the case, *Monell* discovery may impose significant burdens on Defendants in terms of the time and expense involved in collecting materials relating to practice and custom. Moreover, *Monell* discovery will infringe on Officer Serna's well-founded privacy rights and will unfairly prejudice him at trial by subjecting him to character evidence unrelated to this case. Plaintiff ignores Officer Serna's privacy rights almost entirely and treats this material as if it were normal discovery. Yet, personnel files are not normal discovery and are not subject to the fishing expedition that Plaintiffs are proposing to conduct.

Plaintiffs' opposition does not effectively address any of these issues. Instead, Plaintiffs speculate about what could possibly be in Officer Serna's personnel files and admit that their ultimate strategy is to build a *Monell* case that will allow them to renew their already-rejected motion to consolidate the various lawsuits against Officer Serna — lawsuits that are unrelated to each other and whose consolidation will serve no purpose other than to smear Officer Serna and to import into the trial the media feeding frenzy (and resulting lawsuit feeding frenzy) that developed once the *San Francisco Chronicle* began to focus on Officer Serna with a series of articles.

Because the value of this discovery is low and because its costs are high, the Court should grant the motion, bifurcate the *Monell* claim, and stay *Monell* discovery.

## II. PLAINTIFF'S OPPOSITION PROVIDES NO REASON TO DENY THE MOTION.

### A. Plaintiffs Barely Dispute The Low Value Of The *Monell* Discovery And The Fact That The *Monell* Claim Is Almost Certain To Be Moot.

Plaintiffs spend considerable time in their opposition describing how various types of discovery could be relevant to their *Monell* claim. This, however, is beside the point. Yes, various

1  forms of discovery could be relevant to a *Monell* claim. However, requiring defendants to gather
2  such discovery could be a burdensome and very expensive process. The question is whether it
3  makes sense to conduct expensive and intrusive *Monell* discovery and try the *Monell* claim now —
4  even if it will likely be moot — or whether it makes better sense to defer the *Monell* claim until after
5  we know whether it will be moot.

6  And, as described in the opening brief, this *Monell* claim is almost certain to be moot. If the
7  jury finds that Officer Serna did not violate Plaintiff's constitutional rights, the case will be over, and
8  the *Monell* claim will be dismissed, given that violation of a person's constitutional rights is a
9  necessary predicate to a *Monell* claim. If the jury finds that Officer Serna violated Plaintiff's
10  constitutional rights, the jury will award damages, and Plaintiff will not be entitled to additional
11  damages under his *Monell* claim, meaning that the claim will be moot. Either way, the *Monell* claim
12  adds nothing to Plaintiff's damages claim.

13  The only scenario in which the *Monell* claim will take on independent significance is if the
14  Court grants Officer Serna qualified immunity by finding that he violated Plaintiff's constitutional
15  rights but that he did not violate clearly established law. In that scenario, Officer Serna will have no
16  federal liability, but the City may end up being liable if Plaintiff is able to prove his *Monell* claim.
17  This possibility, however, does not warrant proceeding with the *Monell* claim at this point in time. It
18  is too early in the case to know if qualified immunity will be a viable defense for Officer Serna. If
19  Plaintiff is claiming — as he appears to be claiming — that Officer Serna arrested him and used
20  force on him for no reason whatsoever, then qualified immunity is unlikely to be a successful
21  defense. But, for now, we do not know. As the Court is aware, qualified immunity is most
22  commonly a defense raised on summary judgment. If the Court grants summary judgment to Officer
23  Serna on the basis of qualified immunity, then the Court can consider modifying its order and
24  permitting the *Monell* claim to proceed at that point in time.

25  Thus, Plaintiff's contention that Defendants are asking the Court to conduct two separate
26  trials, one on Officer Serna's liability and one on the City's *Monell* liability, is inaccurate. The
27  chances of two trial being necessary are slim to none. Given the very low chances of conducting
28  two trials, the very high costs of litigating the *Monell* claim, the significant prejudice to Officer

Serna of litigating the claim, and the tangible benefits of deferring discovery and trial of the *Monell* claim, the Court should grant the motion.

### B. Defendants Have Provided Or Are Providing The Court With Potential Rule 404(b) Evidence For In Camera Review.

Plaintiff argues that some *Monell* discovery may be relevant under Rule 404(b) as admissible bad-acts evidence. Although Defendants believe that the requested personnel files are unlikely to be admissible for this purpose, Defendants have provided the Court with Officer Serna's OCC files for in camera review. Plaintiffs point to Officer Serna's Management Control Division (MCD) files, and Plaintiffs are correct that these files should be submitted to the Court for in camera review for purposes of Rule 404(b). Defendants now have submitted the MCD file to the Court.

But, beyond the OCC and MCD files, Officer Serna's personnel files are unlikely to be pertinent to any claim other than the *Monell* claim. As a result, their discovery should be subject to the requested stay. Plaintiffs repeatedly speculate that Officer Serna may have used drugs, steroids, or engaged in other bad behaviors that would make the non-OCC, non-MCD personnel files relevant. Plaintiffs have no basis to make these assertions, and speculation is not a basis to conduct a fishing expedition into personnel files, particularly when disclosure of these files implicates Officer Serna's privacy rights.

### C. Plaintiffs Admit That Their Goal Is To Consolidate This Case With Unrelated Lawsuits And Thereby To Smear Officer Serna Before The Jury.

Plaintiff admits (Opp. at 6:23-6:27) that their goal is to take *Monell* discovery in their three unrelated lawsuits against Officer Serna and then to use their *Monell* claims to renew their already-rejected motion to consolidate the three cases. The Court previously — and correctly — rejected Plaintiff's transparent effort to consolidate the cases, which would have had no effect except to maximize the chances of a jury verdict against Officer Serna by dragging him through the mud at trial. Accordingly, the Court should disregard Plaintiff's assertion that they need *Monell* discovery now so that they can move to consolidate the various cases for trial. Indeed, this assertion shows what is really going on here — not a need to prove a *Monell* claim, but rather a desire to encourage the jury to disregard the facts of this case (facts that are not flattering to Plaintiff) and to focus on other cases.

**III.     CONCLUSION**

Defendants respectfully request that the Court grant the motion.

Dated:  May 7, 2008

                            DENNIS J. HERRERA
                            City Attorney
                            JOANNE HOEPER
                            Chief Trial Deputy
                            SCOTT D. WIENER
                            MEGHAN K. HIGGINS
                            Deputy City Attorneys

                              -/s/-  Scott D. Wiener
By: _____
       SCOTT D. WIENER
       Attorneys for Defendants
       CITY AND COUNTY OF SAN FRANCISCO,
       HEATHER FONG, IN HER OFFICIAL CAPACITY,
       AND JESSE SERNA