MATTHEW C. MANI, ESQ., (CA State Bar No. 172679)
FREITAS McCARTHY MacMAHON & KEATING, LLP
1108 Fifth Avenue, Third Floor
San Rafael, CA 94901
Telephone: (415) 456-7500
Telecopier: (415) 456-0266
E-mail: mmani@freitaslaw.com

Attorneys for Plaintiffs Shawn Myers and Sarah Myers
*Shawn Myers and Sarah Myers v. City and County of San Francisco,*
Case No. C 08-01163 EMC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| GREGORY OLIVER, II,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and, San Francisco police officers DOES 1-25, inclusive,<br><br>Defendants. | Case No. C 07 02460 JL<br><br>**NOTICE AND ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED (CIVIL L.R. 3-12)**<br><br>*No hearing date pursuant to Civil L.R. 7-11* |

## NOTICE

NOTICE TO ALL COUNSEL OF RECORD IN THE PRESENT CASE, *Shawn Myers and Sarah Myers v. City and County of San Francisco,* Case No. C 08-01163 EMC, *Hwang v. City and County of San Francisco, et al.,* Case No. C 07 2718 WDB, and *Maestrini v. City and County of San Francisco, et al., C*ase No. C 07 2941 PJH.

1

This Motion for Administrative Relief is brought by Shawn Myers and Sarah Myers, Plaintiffs in *Myers v. City and County of San Francisco*, Case No. C 08-01163 EMC, pursuant to Civil Local Rules 7-11 and 3-12. No hearing date is scheduled, pursuant to Civ. L. R. 7-11.

For the reasons stated below, Plaintiffs Shawn Myers and Sarah Myers request that this court find their separate civil actions to be related to the present case, because both actions concern the same named defendant officers, JESSE SERNA, the same policies, and each action alleges similar events, and because it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges, particularly with respect to discovery of Defendant Officer JESSE SERNA's personnel records. Defendant Officer SERNA is a named defendant in each matter. And is in fact the primary individual defendant officer in each case.

## MEMORANDUM OF POINTS AND AUTHORITIES

Civil Local Rule 3-12 sets forth the following format and factors to be considered for an administrative motion to consider whether cases should be related:

1. **TITLE AND CASE NUMBER OF EACH APPARENTLY RELATED CASE:**

    a. *Gregory Oliver, II v. City and County of San Francisco, et al.*, Case No. C 07 02460 JL, *Esther Hwang v. City and County of San Francisco, et al.*, Case No. C 07 2718 WDB, and *Marco Maestrini v. City and County of San Francisco, et al.*, Case No. C 07 2941 PJH.

2. **RELATIONSHIP OF THE ACTIONS ACCORDING TO CRITERIA SET FORTH IN CIVIL L.R. 3-12:**

    a. <u>Each action concerns the same named Defendant San Francisco Police Officer JESSE SERNA, involves similar facts, is proximate in time, and will require the same *Monell* discovery.</u>

Each of these actions alleges excessive force and false imprisonment committed by Defendant Officer JESSE SERNA against each Plaintiff. In each case, Plaintiffs were confronted and then attacked without justification by Defendant Officer SERNA, who used excessive force against each Plaintiff and falsely arrested each Plaintiff. The events of each lawsuit occurred within a relatively

2

close proximity in time. The first of these related cases, the instant matter, occurred on February 24, 2007. The second case, *Oliver*, occurred on August 20, 2006. The third case, *Maestrini*, occurred on October 29, 2006. The fourth case, *Hwang*, occurred on May 12, 2007. In each case, Plaintiffs were bystanders who had committed no crime when Defendant Officer SERNA attacked them.

On February 24, 2007, Plaintiffs MYERS were waiting for their car at a valet kiosk next to the Ferry Building, having taken a cruise on the Red & White Fleet. They witnessed Officer SERNA arresting and battering a detained suspect, who called out for help in the form of a witness. Plaintiff SHAWN MYERS, some 30 to 50 feet away, called out that he saw the attack and would be a witness. Defendant Officer SERNA crossed the distance to Plaintiff MYERS, grabbed him, and told him that he was under arrest. Defendant Officer SERNA then physically assaulted and battered Plaintiff SHAWN MYERS and falsely arrested him. Defendant Officer SERNA then, without warning or provocation, discharged his OC canister into the face of Plaintiff SARAH MYERS, who was standing nearby. Plaintiff SHAWN MYERS was placed into the back of a police van where he was verbally assaulted by Defendant Officer SERNA. Plaintiff SHAWN MYERS was booked into the San Francisco County Jail at 850 Bryant Street, facing false criminal charges, and was held until posting bail some 6 days later. Plaintiff SARAH MYERS was handcuffed and brought to Central Station, where she was held for an extended period of time before being released with a citation alleging false criminal charges.

On August 20, 2006, Plaintiff OLIVER was waiting for a cab near the intersection of Broadway and Kearny Street, having left the Impala nightclub on Broadway, when he attempted to tell officers that the person they were using force against had been the victim of a battery he had witnessed moments earlier. Defendant Officer SERNA ordered Plaintiff OLIVER to stand back and physically assaulted and battered Plaintiff OLIVER in spite of his compliance. Plaintiff OLIVER

was then falsely arrested by Defendant Officer SERNA and released from Central station with a citation alleging false criminal charges.

On October 29, 2006, Plaintiff MAESTRINI was leaving a nightclub called the "Dragon Bar" which is located on the same strip of Broadway as the Impala Club, when he and a friend witnessed officers using what appeared to be excessive force against a person. After Plaintiff and his friend asked the officers what they were doing, Defendant Officer SERNA attacked Plaintiff and slammed his head against a the side of a paddy wagon several times, before slamming him to the ground and slamming his head against the ground. Plaintiff MAESTRINI was taken by ambulance to St. Francis Hospital, where he was released with a citation alleging false criminal charges.

On May 12, 2007, Plaintiff HWANG waited outside of Dolce nightclub, located on the same strip of Broadway near the intersection of Kearny Street, as her boyfriend retrieved her jacket from Dolce. Defendant Officer SERNA attacked Plaintiff HWANG after she attempted to make casual conversation with the officer. Defendant Officer SERNA yanked Plaintiff HWANG to the ground by pulling her hair and calling her a "f(expletive) cunt." Plaintiff HWANG was transported to Central Station and then to 850 Bryant Street where she was released with a citation alleging false criminal charges.

There is no independent evidence, in the form of a field sobriety exam, blood, urine or chemical test in any of these four cases that support a claim that any Plaintiff was intoxicated.

In addition to other avenues to municipal liability, a municipality may be liable for constitutional violations resulting from "a custom that is a permanent, widespread, well-settled practice that constitutes a standard operating procedure of the city." Ninth Circuit Model Civil Jury Instruction 11.2, Municipal Liability (see also cases cited therein). Thus, evidence of other incidents

involving Defendant Officer SERNA, and Defendant Officer SERNA's personnel records, are likely to be relevant in each of these separately filed actions.

Additionally, the ratification of excessive force used against people falsely arrested by Defendant Officer SERNA, particularly in similar circumstances as the Plaintiffs, the failure to adequately train the failure to properly investigate and discipline incidents of excessive force and false arrest in the face of an obvious need to adequately train officers in the proper and reasonable making of arrests and use of force can also support municipal liability in these actions. Id.; Ninth Circuit Model Civil Jury Instruction 11.4, Failure to Train.

Defendant Officer SERNA's background will also be an issue in each of these four cases.

    b.    <u>It Appears Likely That There Will Be an Unduly Burdensome Duplication of Labor and Expense or Conflicting Results If the Cases Are Conducted Before Different Judges.</u>

These cases will require essentially the same discovery for the *Monell* municipal liability claims. The same SFPD command staff and officers will need to be deposed; the same documents will need to be produced and examined; and to the extent expert testimony is required, it will cover essentially the same policy issues. Additionally, the same discovery will be taken with respect to Officer Serna's history, training, and the very similar allegations against him in each case.

Ultimately, the injunctive relief claims in each action can best be resolved together, whether resolution of such claims is by settlement or by the factual and legal rulings of a court. Settlement is greatly complicated, and conflicting rulings are quite possible, if these actions proceed separately.

For the reasons stated herein, Plaintiffs SHAWN MYERS and SARAH MYERS respectfully

///

///

///

request that this Court relate their newly filed cases with the previously filed *Oliver, Maestrini and Hwang* actions.

Dated: June 20, 2008         FREITAS, McCARTHY, MacMAHON & KEATING, LLP

                By:   /s/ Matthew C. Mani
                      Matthew C. Mani
                      Attorneys for Plaintiffs MYERS