DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
SCOTT D. WIENER, State Bar #189266
MEGHAN K. HIGGINS, State Bar #235685
Deputy City Attorneys
1390 Market Street, 7th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-4283
Facsimile:    (415) 554-3837

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG, IN HER OFFICIAL CAPACITY,
AND JESSE SERNA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY OLIVER, II,<br><br>           Plaintiff,<br><br>     vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; HEATHER FONG, in her capacity as Chief of Police for the CITY AND COUNTY OF SAN FRANCISCO; JESSE SERNA, individually, and in his capacity as a police officer for the CITY AND COUNTY OF SAN FRANCISCO; and San Francisco police officers DOES 1-25, inclusive,<br><br>           Defendants. | Case No. C07-02460 JL<br><br>**OPPOSITION TO MOTION TO RELATE CASES**<br><br>Date Action Filed:    May 8, 2007<br>Trial Date:              None Set |

## I. INTRODUCTION

The Court has already ruled that the *Oliver*, *Maestrini*, and *Hwang* cases are not related. *See* Exhibit A. The *Myers* plaintiffs make no new argument regarding those cases, and it is unclear why they filed this duplicative motion.

Nor does the addition of the more recently filed *Myers* case affect anything. As with the other cases, *Myers* is its own case, with its own set of facts, with different types of force alleged, with a unique claim of race discrimination, and with an officer-defendant (Officer Gary Moriyama) who is not a defendant in any of the other cases. Moreover, because discovery is currently at different stages in different cases, there would be no efficiency gains by relating the cases. Indeed, quite the opposite is true. Finally, because the parties have consented to trial of this case before a Magistrate Judge in *Oliver* but not in the other cases, relating the cases would require reassignment of *Oliver* and thus require a different judge to remake the wheel that this Court has already made.

Plaintiffs are doing no more than assert that the cases are related because Officer Jesse Serna is a defendant in each case and because each case has a *Monell* claim — arguments that the Court already has rejected. These arguments continue to be unpersuasive, particularly in light of the Court's order bifurcating Oliver's *Monell* claim and staying *Monell* discovery. Given the dissimilarities among the cases and the differing procedural postures, they are not related, and the Court should deny the motion.

## II. FACTUAL BACKGROUND

### A. Oliver Matter

Gregory Oliver's allegations concern his arrest on August 20, 2006. On May 8, 2007, he filed a suit against the City and County of San Francisco, San Francisco Police Chief Heather Fong, in her official capacity, and Officer Jesse Serna. Oliver alleges that while officers were actively engaged in breaking up a large street fight, he was told to move from the scene. He claims that he was pushed back from the scene, that he tried to tell the officers that the wrong person was being arrested, and that he was ultimately hit with a baton and made to back up. He alleges that Officer Serna then used excessive force against him and arrested him. He claims that several officers then began to punch and knee him.

### B. Maestrini Matter

Marco Maestrini alleges that he was unlawfully detained on October 28, 2006. On June 6, 2007, he filed suit against the City, Chief Fong, in her official capacity, and Officer Serna. *Maestrini v. CCSF*, Case No. 07 2941 PJH. Maestrini alleges that he left a bar near closing time and approached officers who were allegedly using excessive force against other people. He claims that Officer Serna grabbed him, slammed him against a police vehicle, and told him to "shut up." He alleges that he was injured in the incident, that an ambulance was called, and that he was taken to the hospital where he refused treatment and was released. He does not allege that he was arrested.

### C. Hwang Matter

Esther Hwang makes allegations about Officer Nelson Artiga and Officer Jesse Serna from an incident on May 12, 2007. *Hwang v. CCSF et al.*, Case No. 07 2718 WEB. On May 23, 2007, Hwang filed an action against the City, Chief Fong, in her official capacity, Officer Artiga, and Officer Serna. The lawsuit alleges that Officers Artiga and Serna unlawfully arrested her, that they used excessive force in doing so, and that unidentified officers made inappropriate sexual comments to her.

### D. Myers Matter

Shawn and Sarah Myers allege that they were unlawfully arrested after they indicated that they would be witnesses to the allegedly unlawful arrest of another person. They have sued the City, Chief Fong, Officer Serna, and Officer Gary Moriyama. Shawn Myers alleges that he was beaten by officers. Sarah Myers alleges that an officer maced her. Plaintiffs allege that Officer Serna used racially derogatory language toward them. Shawn Myers was criminally charged, and his criminal case is set for trial in July 2008. If he is convicted, his false arrest claim will be precluded.

### E. The Court's Denial Of Motion To Relate.

Plaintiff Oliver previously moved to relate his case with *Hwang* and *Maestrini*. (*Myers* had not yet been filed.) On August 14, 2007, this Court denied the motion and ruled that the cases were not related. *See* Exhibit A (document 16 on court docket). The order stated, among other things:

> The Court reviewed the moving and opposing papers and concludes that the cases should not be related. They involve different plaintiffs. They involve different groups of defendants. They involve entirely distinct incidents occurring over a period of nine months. They involve different legal theories.

> One case involves allegations of false arrest and use of a baton. Another involves allegations of an unlawful detention, but not an arrest, and the use of physical force. Yet another involves allegations against two named officers, one who is not alleged to have been involved in any other incident.
>
> No judicial resources would be conserved by relating these cases. There would be no undue burden on the parties or the Court if they are not related.
>
> Accordingly, the motion to relate cases is denied.

### F. Status Of The Cases

As noted, *Myers* is a relatively new case. However, significant discovery has occurred in *Oliver* and *Hwang*. In both cases, the plaintiffs have been deposed. In *Oliver*, several percipient witnesses have been deposed. The parties have engaged in written discovery and motion practice. In *Oliver*, the Court bifurcated the *Monell* claim from the rest of the case and stayed *Monell* discovery. In other words, these cases are at very different stages.

## III. THE COURT SHOULD DENY THE MOTION TO RELATE.

Plaintiffs must satisfy two requirements to have the four matters related: (1) The actions must concern substantially the same parties, property, transaction or event; and (2) It must appear likely that there will be unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different judges. Civ. L. R. 3-12(a). Plaintiffs have not satisfied either requirement.

### A. Plaintiffs' Matters Concern Different Events

Plaintiffs argue that the cases are related because they all name Officer Serna as a defendant and because they all raise a *Monell* claim against the City. These facts are not enough, as the Court has already concluded in previously rejecting this motion.

Here, the parties are not substantially the same. Five different plaintiffs have sued. While each sues Officer Serna and the City and County of San Francisco, Ms. Hwang has also named Officer Nelson, and the Myers have also named Officer Moriyama. Thus, the defendants are not the same.

In addition, the cases involve four completely different events that took place over a period of nine months, and the alleged conduct varies from case to case with respect to Officer Serna and other officers. There will be no overlap of the factual issues underlying the three events.

Nor does the existence of *Monell* claims in each case alter the conclusion that these cases are not related. First, before *Monell* liability can attach, a plaintiff must establish that his or her constitutional rights were violated. *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986). Thus, relating the cases simply based on the *Monell* claims is putting the cart before the horse, since *Monell* does not even come into play until there has been a determination that an underlying constitutional violation occurred. Second, the *Monell* claims may vary. For instance, Hwang's allegations of alleged sexually charged comments will require a different *Monell* inquiry from allegations of excessive force. And, Hwang's allegations against Officer Nelson may also require a separate *Monell* analysis, depending on the legal theory advanced by her. Thus, merely stating that each case asserts a *Monell* claim does not necessarily mean that all *Monell* claims will rise and fall together. In addition, as noted above, the *Monell* claim in *Oliver* has been bifurcated, and *Monell* discovery has been stayed.

### B.  Unnecessary Duplication Will Not Result

There is no danger of burdensome duplication of labor and expense or conflicting results where the main issue in each case involves the resolution of the underlying constitutional claim, and/or associated state law claims. Those claims will require discovery into the events of each evening, including party and non-party witnesses. There will be no overlap, so a decision about how to proceed on such event-specific discovery will not bleed over from one case to the next.

## IV. CONCLUSION

Plaintiffs have not made the necessary showing to relate the cases, particularly in light of the Court's previous rejection of essentially the same motion. The Court should deny the motion.

Dated: June 25, 2008

                DENNIS J. HERRERA
                City Attorney
                JOANNE HOEPER
                Chief Trial Deputy
                SCOTT D. WIENER
                MEGHAN K. HIGGINS
                Deputy City Attorneys

                      -/s/-    Scott D. Wiener
By:_____
    SCOTT D. WIENER
    Attorneys for Defendants
    CITY AND COUNTY OF SAN FRANCISCO,
    HEATHER FONG, IN HER OFFICIAL CAPACITY,
    AND JESSE SERNA

OPPOSITION TO MOTION TO RELATE;
Oliver v. CCSF, et al. – USDC No. C07-02460 JL
6
n:\lit\li2008\071509\00492352.doc