United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11  Gregory Oliver, II                                  No. C 07-2460  JL

12          Plaintiff,                                  **Pre-Trial Order**

13      v.

14  City and County of San Francisco, et al.,

15          Defendants.

16  _____/

17

**I. Witnesses**

18

   **A. Objections to Non- 404(b) Witnesses**

19

      **1. Plaintiff**

20

         **a. Brendan Coen**

21

      Witness Brendan Coen is identified in Defendants' Witness List as a witness to be

22  called at trial in this action. Defendants' Witness List indicates that Mr. Coen will testify

23  "about conditions on Broadway." At the pre-trial conference, Defendants stated that Mr.

24  Coen is a bar owner or bar manager who is familiar with conditions on Broadway on

25  weekend nights. Plaintiff objects to this witness on grounds that he is not a percipient

26  witness, and like the videos offered by Defendant that purport to show conditions on

27  Broadway at times other than the subject-incident, his testimony is irrelevant. Plaintiff

28

1 argues that this witness should be excluded as being redundant, unduly prejudicial, and

2 cumulative as a witness.

3       Defendant Officer Serna and Officer Yep may testify to the conditions on Broadway

4 on the night of the incident. Defendants may also use Ms. Scisinger's deposition testimony

5 to show conditions on Broadway that night, as well as to rebut Plaintiff's statements

6 regarding the conditions on Broadway on the night at issue. Mr. Coen is excluded as a

7 witness because his testimony is redundant, cumulative, and irrelevant. **Plaintiff's motion**

8 **to exclude Brendan Coen as a witness is granted without prejudice.**

9                 **b. Lieutenant Panina**

10       Defendants' witness list shows that they intend to call Lieutenant Panina of the San

11 Francisco Police Department to testify as to conditions on Broadway on weekend nights. At

12 the pre-trial conference, Defendants indicated that they neglected to include Lieutenant

13 Henry Parra on their witness list. Lt. Parra was present on Broadway on the night of the

14 incident and interacted with Plaintiff. Plaintiff's counsel thought that by listing Lt. Panina,

15 Defendants were actually referring to Lt. Parra. Lt. Parra was included in Defendants' Rule

16 26 disclosures, but was not deposed. **Defendants are hereby ordered to file an**

17 **amended witness list.**

18       Plaintiff objects to Defendants' witness Lt. Panina on the grounds that he is not a

19 percipient witness and will only testify about conditions on Broadway on nights other than

20 the one in question. Defendants wish to call Lt. Panina because of his experience of

21 managing the situation on Broadway on weekend nights. Defendant Serna and any other

22 percipient witnesses may testify to the conditions on Broadway on the night of the incident,

23 including Lt. Parra. Lt. Panina is excluded as a witness because the focus of this trial is the

24 night of the incident, not others, and he was not present on the night in question.

25 **Plaintiff's motion to exclude Lt. Panina is granted without prejudice.**

26

27              **c. Deposition Testimony of Rachel Scisinger**

28

United States District Court
For the Northern District of California

**United States District Court**

For the Northern District of California

1    Defendants intend to introduce portions of the deposition of Ms. Scisinger.

2   Defendants argue that since Ms. Scisinger lives in Los Angeles, she is unavailable to testify

3   at trial under FRCP 32(a)(3) and therefore Defendants may use her deposition in lieu of her

4   testimony. FRCP 32(a)(3) allows any party to use the deposition of any witness, whether or

5   not a party, for any purpose, if the Court finds that the witness is located further than 100

6   miles from the place of trial.

7    Under the Federal Rules of Evidence, a witness is unavailable if she persists in

8   refusing to testify or is absent from the hearing and the proponent of her statement has

9   been unable to procure her attendance by process or other reasonable means. The Court

10   questioned Defendants about their efforts to procure Ms. Scisinger's attendance at trial.

11   Defendants have contacted Ms. Scisinger and she has persistently refused to appear at

12   trial because she has a demanding full-time job and attending the trial would cause her

13   hardship.

14    Defendants took Ms. Scisinger's deposition over the telephone because she refused

15   to come to San Francisco. Plaintiff's counsel was present during Ms. Scisinger's deposition

16   and had the opportunity to cross-examine her, although he did not do as thorough a cross-

17   examination as he would have liked because he assumed she would testify at trial. Even

18   though Plaintiff's cross-examination was brief, he had the opportunity to conduct a full cross

19   examination. **The Court finds that Rachel Scisinger is unavailable, therefore her**

20   **deposition transcript may be used in lieu of her testimony at trial. This finding does**

21   **not preclude Plaintiff from calling her as a witness. Plaintiff reserves his objections**

22   **until trial.**

23    **B. Defendant**

24     **1. Non-404(b) Witnesses**

25    Defendants do not have any objections to Plaintiff's non-404(b) witnesses, except as

26   to the limitations on the types of testimony listed in the section on Motions in Limine.

27

28

<div style="float:left">**United States District Court**
For the Northern District of California</div>

1    **2. Dr. Guidera**

2    Plaintiff refused to come to San Francisco to submit to an independent medical

3    evaluation ("IME"), so Defendants arranged such an exam nearer to Plaintiff's home in

4    Phoenix, AZ. Defendants will call Dr. Guidera, the IME doctor, to testify at trial at their own

5    expense. Defendants have requested that the Court set a date for Dr. Guidera to testify.

6    **Dr. Guidera will be called to testify on Monday, April 13, or Tuesday April 14, if he is**

7    **unavailable on the 13th. If Plaintiff has not completed his case-in-chief by that date,**

8    **Dr. Guidera will be called out of order.**

9

10   **II. Plaintiff's Opposition to Defendants' Exhibits**

11   **A. Defendants' Exhibit A: Police Report**

12   In some civil cases, police reports are admissible under either the public records or

13   business records exception to the hearsay rule. However, in this case, the Court finds that

14   the police report is not sufficiently reliable and it may not be used for substantive purposes,

15   but parts of it may be used for impeachment. **The Court finds that Defendants' Exhibit A**

16   **is inadmissible, so Plaintiff's motion is granted without prejudice. Should a portion**

17   **of the report become admissible for another reason, the parties must consult with**

18   **the Court before referring to it at trial.**

19   **B. Defendants' Exhibits B and C: Use of Force Log and Event Detail**

20   The Court reserves ruling on these Exhibits until they come up at trial.

21   **C. Defendants' Exhibit D: Video Clips of Broadway**

22   This Exhibit shows conditions on Broadway at times other than the night of the

23   incident. For the same reasons that witnesses Coen and Panina are excluded, **Plaintiff's**

24   **motion to exclude this exhibit is granted without prejudice.**

25   **D. Defendants' Exhibit E: Notice to Appear**

26   This Exhibit is the citation issued to Plaintiff as a result of his arrest. The sponsoring

27   witnesses are Officer Serna and Plaintiff. Plaintiff objects to this exhibit on the grounds of

28   hearsay and relevance. The citation issued to Plaintiff is relevant because it helps paint the

United States District Court

For the Northern District of California

1  whole picture for the jury. It may also be relevant to the claims and defenses of the parties.

2  It is admissible under the business-records exception to the hearsay rule. **Plaintiff's**

3  **motion is denied, with the caveat that the jury is not to consider whether any**

4  **charges were filed against Plaintiff**.

5          **E.  Defendants' Exhibit K: Photos Taken By Rachel Scisinger**

6          This Exhibit consists of photographs taken on the night of the incident by Rachel

7  Scisinger, who was with Plaintiff that evening. The photographs were authenticated by Ms.

8  Scisinger during her deposition. Plaintiff objects to this exhibit on the grounds of relevance,

9  hearsay, undue prejudice under FRE 403, and minimal probative value.

10          Plaintiff appears in only two of these photographs, neither of which show that he was

11  drinking or taking any drugs, so as to support Defendants' contention that Plaintiff was

12  aggressive and belligerent. The photographs are irrelevant, unduly prejudicial under FRE

13  403 and they are of minimal probative value. **Plaintiff's motion is granted without**

14  **prejudice.**

15  **III. Motions in Limine**

16          **A. Plaintiff**

17                  **1. Motion to Exclude Plaintiff's Prior Arrests and Convictions**

18          Defendant has not opposed this motion and such information constitutes

19  inadmissible character evidence. **Plaintiff's motion is granted.**

20                  **2. Motion to Exclude References to Plaintiff and the Use or Distribution**

21          **of Steroids**

22          Any reference to Plaintiff and his connection to the Barry Bonds steroid scandal is

23  irrelevant and unfairly prejudicial. **Plaintiff's motion is granted.**

24                  **3. Motion to Exclude Photographs Taken By Rachel Scisinger**

25  As discussed above, **Plaintiff's motion is granted.**

26                  **4. Motion to Exclude Video or Photographic Evidence of Conditions on**

27                    **Broadway at Times Other than the Subject Incident**

28  As discussed above, **Plaintiff's motion is granted.**

**United States District Court**
For the Northern District of California

1       **5. Motion to Exclude Evidence from Rachel Scisinger that the Scene on**

2       **Broadway was a "Riot"**

3       Ms. Scisinger is a layperson, not an expert. However, a layperson can give an

4    opinion as to whether she thought the scene was a riot. There is no need for a technical

5    definition of riot. **Plaintiff's motion is denied without prejudice, and the Court may**

6    **consider giving a limiting instruction to the jury on this subject.**

7       **B. Defendants**

8       **1. Motion to Exclude OCC Complaints, Lawsuits, and Other Incidents**

9       **Relating to Officer Serna**

10      Such information constitutes inadmissible character evidence under FRE 404, it is

11   irrelevant under FRE 402, it is unfairly prejudicial under FRE 403, there is not enough

12   similarity of events to constitute evidence of modus operandi, and this information does not

13   show some unique reaction on the part of Officer Serna. **Plaintiff may not use any of this**

14   **evidence in his case-in-chief, although some portions of it may be used for**

15   **impeachment purposes. Also, such evidence may come in if Officer Serna's**

16   **character for truthfulness becomes an issue in the case. Defendants' motion is**

17   **granted without prejudice.**

18      The Court heard oral argument about a line of questioning that the Plaintiff wishes to

19   pursue regarding discrepancies in the police report and Officer Serna's deposition

20   testimony, as well as his experience with testifying and sitting for depositions. **Plaintiff may**

21   **question Officer Serna about discrepancies in his police report and deposition**

22   **testimony. Plaintiff may also ask Officer Serna whether he has testified and given**

23   **depositions many times before, but may not ask about specific instances and may**

24   **not phrase the question using the word "cases." Defendants have a standing**

25   **objection to such questioning.**

26

27

28

United States District Court

For the Northern District of California

1  **2. Motion to Exclude Evidence About the City's Inability to Ascertain the**

2  **Identities of the Arrestees that Were in the Transport Vehicle with**

3  **Plaintiff**

4  This evidence is relevant and not unfairly prejudicial. The Defendants may use their

5  cross-examination to dispel any notions that they are somehow withholding witnesses.

6  **Defendants' motion is denied without prejudice.**

7  **3. Motion to Exclude Evidence About Hearsay Statements**

8  **a. Statements of the "Older Portly" Officer**

9  The statements made by the otherwise unidentified "older portly" Officer are classic

10  hearsay. **Defendants' motion is granted without prejudice. If the statement becomes**

11  **pertinent to an issue other than the 51.7 claim that has been dismissed, then it may**

12  **come in.**

13  **b. Statements By Transport Vehicle Occupants**

14  These statements do not qualify under either the present sense impression or

15  excited utterance exceptions to the hearsay rule because they were made significantly

16  after, and away from, the time and location of Plaintiff's arrest. **Defendants' motion is**

17  **granted without prejudice.**

18  **c. Statement of Unidentified Officer at Ballpark**

19  This statement constitutes inadmissible hearsay and is irrelevant. **Defendants'**

20  **motion is granted without prejudice.**

21  **4. Motion to Exclude Evidence of the FBI Investigation**

22  This evidence is irrelevant and unfairly prejudicial under FRE 403. **Defendants'**

23  **motion is granted without prejudice.**

24  **5. Motion to Exclude Evidence of Charges Not Being Pressed Against**

25  **Plaintiff**

26  Plaintiff does not oppose this motion. **Defendants' motion is granted without**

27  **prejudice.**

28  **6. Motion to Exclude Evidence of Other Alleged Police Misconduct**

**Defendants' motion is granted without prejudice.**

United States District Court
For the Northern District of California

1

**7. Motion to Exclude Evidence About Press Coverage of this Incident**

2

**and Other Incidents Relating to Officer Serna**

3

**Defendants' motion is granted without prejudice.**

4

**8. Motion to Exclude Evidence of Officer Serna's Prior Arrests as a**

5

**Young Man**

6

This evidence is irrelevant, unfairly prejudicial under FRE 403, and inadmissible

7

character evidence under FRE 404. **Defendants' motion is granted without prejudice.**

8

**9. Motion to Exclude Evidence of Plaintiff's Lost Income**

9

On the basis fo Plaintiff's deposition, this claim has not been foreclosed. The Court

10

will allow cross-examination on this issue. **Defendants' motion is denied without**

11

**prejudice.**

12

**10. Motion to Exclude Evidence of Purported Policies, Training, or**

13

**Disciplinary Shortcomings by the City**

14

The Court understands this motion to be limited to the Monell phase of the trial, if

15

there is one. Otherwise, this evidence is properly a subject for Officer Serna's cross-

16

examination. **Defendants' motion is denied without prejudice, as limited above.**

17

**11. Motion to Exclude Evidence of Lack of Photographs or Interviews**

18

**from the Night of the Incident**

19

The Court reserves ruling on this issue until it comes up at trial.

20

**12. Motion to Exclude Certain Opinions and Assertions by Plaintiff's**

21

**Police Expert Clark**

22

Plaintiff's expert may not testify as to Officer Serna's propensity to engage in

23

misconduct because that would constitute inadmissible character evidence. Plaintiff's

24

expert may not testify as to his opinion that Officer Serna engaged in criminal conduct. With

25

regard to Clark's testimony about his accolades from the Ninth Circuit, the Court reserves

26

ruling until it comes up at trial. **Defendants' motion is granted as limited above.**

27

**13. Motion to Admit the Deposition Testimony of Rachel Scisinger**

28

**Defendants' motion is granted as discussed above.**

**United States District Court**
For the Northern District of California

1   **14. Motion to Exclude Testimony Regarding Diagnosis, Causation, and**

2       **Prognosis**

3   Plaintiff's treating physicians may only testify as to their treatment of Plaintiff's

4   injuries and their prognoses, including how they came to those conclusions (i.e. MRI

5   results). **Defendants' motion is granted as limited above.**

6   **15. Motion to Exclude Non-Expert, Non-Party Witnesses While they are**

7       **Not Testifying**

8   **Defendants' motion is granted.**

9   **16. Motion to Bifurcate Punitive Damages**

10  **Defendants' motion is granted.**

11  **17. Motion to Exclude Evidence of Purported Violations of Plaintiff's**

12  **First Amendment Rights or Rights as a Bystander**

13  **Defendants' motion is denied, but the parties should not refer to a first**

14  **amendment right, only the bystander's right to observe an arrest.**

15

16  **III. Jury Instructions (tentative rulings)**

17  **A. Plaintiff's Jury Instructions**

18  I. The following jury instructions will be given: 3-5, 7-9, 12, and 14-15.

19  2. The following jury instructions will be given as modified to delete surplus: 1-

20  2, 11, 13, 16, and 18.

21  3. The following jury instructions are refused: 6, 10, and 17.

22  **B. Defendants' Jury Instructions**

23  I. The following jury instructions will be given: 2 and 15.

24  2. The following jury instructions will be given as modified: 1, 3, 6-14, 16, and

25  18.

26  3. The following jury instructions are refused: 4, 5, 17, and 19.

27  **C. Joint Jury Instructions**

28  Joint jury instructions 1-29 will be given.

**United States District Court**
For the Northern District of California

## IV. Voir Dire

### A. Jury Questionnaire

The Defendants are instructed to make any additions or changes to the proposed jury questionnaire by Friday, March 27. The parties must jointly file their jury questionnaire by close of business on Monday, March 30. The Court requires 40 copies of the questionnaire, due by Wednesday, April 1, 2009. The jury coordinator at the Court will screen potential jurors for hardship.

### B. Jury Admonition Regarding Research

In lieu of the standard admonition to the jury to refrain from researching this case, the Court will admonish the jury using the language supplied by Defendants.

### C. Individual Voir Dire

The Court accepts the parties questions for individual voir dire.

### D. Number of Jurors and Additional Peremptory Challenges

There will be nine jurors and five additional peremptory challenges.

## V. Plaintiff's Motion for a Continuance

On account of recent media coverage allegedly biased in favor of police officers in general, Plaintiff has made a separate motion to the Court to continue the trial date in order to "allow public passions . . . to cool to a point that they will not impact the fairness of this jury trial." (Pl.'s Mot. 6:7-9.) Defendants oppose Plaintiff's Motion on the grounds that "Plaintiff has not shown good cause to continue the trial" and "Plaintiff's attorneys' actions are not consistent with the sentiment expressed in this motion." (Def.s' Opp'n 1:1 & 1:23-24.) The Court denies Plaintiff's Motion without prejudice because Plaintiff fails to show that the media coverage will affect the fairness of the trial and because a properly conducted jury selection can effectively remedy any potential prejudice.

A district court has inherent authority to schedule trials as it "deem[s] expedient." Fed. R. Civ. Proc. 40(3). This inherent authority empowers the court to

United States District Court

For the Northern District of California

1  grant continuances of trial dates in civil actions where local public sentiment might

2  prejudice the party seeking relief. *See* W.E. Shipley, Annotation, *Hostile Sentiment*

3  *or Prejudice as Ground for Continuance in Civil Case* , 68 A.L.R. 2d 540 (1959)

4  (collecting cases). However, denying a motion for a continuance may be

5  appropriate where the moving party has the benefit of a voir dire examination or an

6  opportunity to challenge any juror.

7

8     Here, Plaintiff points to the "immense media coverage" of the recent shooting

and killing of four Oakland police officers as indicative that any potential jurors will

9  harbor "an extremely heightened bias in favor of police officers." (Pl.'s Mot. 3:12-

10  15.) However, Plaintiff fails to show anything but speculation that the current local

11  public sentiment will undermine the fairness of this trial. This Court is confident that

12  proper jury selection involving extensive voir dire examination and opportunities by

13  both sides to challenge jurors showing bias will effectively eliminate any potential

14  risk of prejudice against Plaintiff. Besides, positive or negative news stories relating

15  to the police show up in the media regularly and in close proximity to any given trial

16  date. If this Court were to continue trial on account of any speculatively

17  unfavorable media coverage, such delay in trying the case would prejudice all

18  parties in the matter.

19     Accordingly, for the reasons stated at the Pretrial Hearing and in this Order, the

20  Court denies without prejudice Plaintiff's Motion to Continue the Trial Date. Plaintiff

21  may renew his Motion at a later date should later developments warrant such a

22  request.

23

24     IT IS SO ORDERED.

25

26  DATED: March 25,  2009

27

28                  James Larson
                Chief Magistrate Judge